**Maryam JAMILAH, Relator,**

v.

**Judge Ogden BASS, Respondent.**

**No. A14–93–00751–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 30, 1993.

Maryam Jamilah, Rosharon, for appellant.

Jerri Mills, Lake Jackson, George W. Vie, III, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

In this original proceeding, relator seeks a writ of mandamus directing respondent to set aside his orders holding relator in contempt and his order denying her motion for recusal. We conditionally grant the relief sought.

To avoid confusion, only a brief recitation of the facts will be given. Our record reflects that relator was the attorney of record for John Esquivel, petitioner in a divorce action in the lower court. The present case emerged out of that initial representation. On June 30, 1993, the underlying divorce action came to be heard before Judge Ogden Bass, of the 300th District Court of Brazoria County. Both parties to the divorce appeared, as well as the attorney for Mrs. Esquivel. Relator, who was attorney of record for Mr. Esquivel, failed to appear because of her belief that her presence was unnecessary due to an agreement between the parties.[1] As a result of not appearing, Judge Bass ordered relator to appear in court on July 9, 1993, to show cause for her failure to appear in court on June 30, 1993. On July 9th, relator again failed to appear for the scheduled show cause hearing. The record reveals the second absence was due to the influence of medication taken by relator, and that the absence was not intentional.

On July 13, 1993, Judge Bass once again ordered relator to appear to show cause for her failure to appear in court on July 9th. The hearing was set for July 19th. Relator was notified of the July 19th show cause hearing on July 14, 1993. The following day relator filed a motion for recusal, requesting that Judge Bass recuse himself from the

---

1. Relator admits that she failed to inform the trial court of her intended absence. Relator claims however, that her absence was due to her understanding that the Esquivels had agreed to a divorce decree drafted by opposing counsel and this in essence made the divorce action a simple formality.

case. On July 19, 1993, Judge Bass tried relator on the motions for contempt for failure to appear in his court on June 30th, and July 9, 1993.[2] After extensive argument by relator, Judge Bass found that relator offered no explanation on her failure to appear, and as a result, found relator in contempt on both counts and fined her $750.00 plus court costs.

■ Relator now seeks relief by mandamus on the allegations that respondent had a duty to act and failed to act pursuant to the provisions of § 21.002(d) of the Tex.Gov't Code. Mandamus may issue only to correct a clear abuse of discretion or a trial court's failure to perform a ministerial duty. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917–18 (Tex.1985). Section 21.002 of the Tex.Gov't Code provides the court with contempt powers. Subsection (d) specifically speaks to an officer of the court being held in contempt. This subsection reads as follows:

> An officer of a court who is held in contempt by a trial court shall, on proper motion filed in the offended court, be released on his own personal recognizance pending a determination of his guilt or innocence. The presiding judge of the administrative judicial region in which the alleged contempt occurred shall assign a judge who is subject to assignment by the presiding judge other than the judge of the offended court to determine the guilt or innocence of the officer of the court.

Tex.Gov't Code Ann. § 21.002(d) (Vernon Supp.1993).

■ Relator contends that Judge Bass was without authority to hear the motions for contempt because he was relator's accuser. Relator maintains that once Judge Bass cited her for contempt, the judge was then required to transfer the contempt proceeding to the presiding judge of the administrative judicial region for a determination of her guilt.

■ The statute is clear that there must first be a finding of contempt and second, a

proper motion filed in the offended court before any duty of the judge becomes effective. *See* Tex.Gov't Code Ann. § 21.002(d) (Vernon Supp.1993). A review of the record reveals that relator has not filed a proper motion in the offended court. Relator, having failed thus far to fulfill the requirements of § 21.002(d), is no position to complain of the judge's failure to act.[3] However, this is not dispositive of this proceeding. Our review of the record shows that Judge Bass was without authority to hear the motions for contempt due to relator's filing of a motion for recusal prior to the contempt hearing.

Tex.R.Civ.P. 18a provides:

> (a) At least ten days before the date set for trial or other hearing ... any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case. ...

> (c) Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. If a judge decides to recuse himself, he shall enter an order of recusal and request the presiding judge of the administrative judicial district to assign another judge to sit, and shall make no further orders and shall take no further action in the case except for good cause stated in the order in which such action is taken.

> (d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district ... an order of referral, the motion, and all opposing and concurring statements.

Tex.R.Civ.P. 18a.

Relator's motion for recusal sought the have Judge Bass either recuse himself or forward the case to the presiding judge of Brazoria County. Respondent argues that the recusal motion is not a proper motion in that it was untimely filed and failed to state a ground for recusal. This court has previous-

---

**2.** Relator's motion for recusal was denied without a hearing at the outset of the July 19th hearing for failure to comply with the requirements of Tex.R.Civ.P. 18a.

**3.** We are not saying relator is prevented at this time from filing a proper motion under § 21.-002(d).

ly held that the procedural requirements of Rule 18a are mandatory and a party who fails to comply with them waives the right to complain of a judge's failure to recuse himself. *Watkins v. Pearson*, 795 S.W.2d 257 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Vickery v. Texas Carpet Co.*, 792 S.W.2d 759 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

However, the contempt hearing in the present case was set for July 19th. Relator was notified of the setting on July 14th. She filed her motion to recuse the next day. On these facts, we hold the trial judge had but two options: to recuse himself or refer the case to the presiding judge. TEX.R.CIV.P. 18a(c); *Lamberti v. Tschoepe*, 776 S.W.2d 651 (Tex.App.—Dallas 1989, writ denied). This is so regardless of the timeliness of the motion or the sufficiency of the grounds for recusal. *General Motors Corp. v. Evins*, 830 S.W.2d 355, 357 (Tex.App.—Corpus Christi 1992, no writ); *Greenberg, Benson, Fisk & Fielder v. Howell*, 685 S.W.2d 694, 695 (Tex. App.—Dallas 1984, orig. proceeding); *Greenberg, Fisk & Fielder v. Howell*, 676 S.W.2d 431 (Tex.App.—Dallas 1984, orig. proceeding). By pursuing an option unavailable through the Rule, the trial judge violated his plain duty and abused his discretion as a matter of law. *Lamberti*, 776 S.W.2d at 652; *Greenberg*, 685 S.W.2d at 695.

We conditionally grant the petition for writ of mandamus. We are confident the trial judge will set aside his orders of July 26, 1993, holding relator in contempt and denying relator's motion for recusal, and enter either an order recusing himself or an order of referral in response to relator's recusal motion. A writ will issue only if the trial court fails to comply with this opinion.