TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00644-CV






Rhett Webster Pease, Appellant


v.


Janell Pease, Appellee







FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT

NO. 12380, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant Rhett Webster Pease appeals from the district court's entry of a final decree
of divorce. Following the allegation in his brief that he and his ex-wife, Janell Pease, have
reconciled, appellant prays that the final decree of divorce should be rendered void and of no force
and effect because (1) the district court improperly ruled on appellant's motion to disqualify the
district court judge, and (2) the district court improperly shortened the discovery period. We will
affirm the district court's final decree of divorce.


Issue 1: Motion to Disqualify

 On August 1, 2003, appellant filed a motion to disqualify the district court judge,
alleging the judge was biased against him. On August 4, 2003, the district court denied appellant's
motion because it was not verified. See Tex. R. Civ. P. 18a. When a motion to recuse or disqualify
is filed, the judge may either recuse himself or refer the motion to the presiding judge of the
administrative judicial district. See Tex. R. Civ. P. 18a(c); Johnson v. Pumjani, 56 S.W.3d 670, 672
(Tex. App.--Houston [14th Dist.] 2001, no pet.). The erroneous denial of a motion to disqualify
renders void all orders and judgments by a judge who is constitutionally disqualified. See In re
Union Pac. Res. Co., 969 S.W.2d 427, 428 (Tex. 1998); Buckholts Indep. Sch. Dist. v. Glaser, 632
S.W.2d 146, 148 (Tex. 1982). Appellant therefore argues that the district court judge's failure to
either recuse himself or refer the motion to the presiding judge of the administrative judicial district
renders the final decree of divorce void as a matter of law.

 We disagree. Although appellant styled his motion as a motion to "disqualify," it is
actually a motion to "recuse." Appellant asserted in his motion that the judge's alleged bias,
including "gender bias," should result in disqualification. See Tex. Const. art. V, § 11 ("No judge
shall sit in any case wherein he may be interested, or where either of the parties may be connected
with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or
when he shall have been counsel in the case."). "While a judge's ability to be fair is an appropriate
issue for consideration in a recusal action under the Texas Rules of Civil Procedure, 'fairness' is not
a consideration in constitutional disqualification." Chandler v. Chandler, 991 S.W.2d 367, 386-87
(Tex. App.--El Paso 1999, pet. denied) (citing Gulf Maritime Warehouse Co. v. Towers, 858 S.W.2d
556, 558 (Tex. App.--Beaumont 1993, writ denied)). Because appellant asserted no grounds for
constitutional disqualification, we accordingly treat his motion as a motion to recuse.

 The procedural requirements of Rule 18a regarding recusal are mandatory, and a party
who fails to comply with them waives the right to complain of a judge's failure to recuse himself. 
See Gill v. Texas Dep't of Criminal Justice, 3 S.W.3d 576, 579 (Tex. App.--Houston [1st Dist.]
1999, no pet.); Jamilah v. Bass, 862 S.W.2d 201, 203 (Tex. App.--Houston [14th Dist.] 1993, no
writ); Watkins v. Pearson, 795 S.W.2d 257, 259-60 (Tex. App.--Houston [14th Dist.] 1990, writ
denied); see also Arnold v. State, 778 S.W.2d 172, 180 (Tex. App.--Austin 1989), aff'd, 853 S.W.2d
543 (Tex. Crim. App. 1993). Here, appellant's motion was not verified, which prevents appellant
from now arguing that the district court erred in overruling his motion or that the final decree of
divorce is void. We overrule appellant's first issue.


Issue 2: Shortened Discovery Period

 Appellant alleges the district court improperly shortened the discovery period by
scheduling a hearing on a motion to compel discovery and for sanctions before the discovery period
expired. While it appears from the record that the district court may have scheduled the hearing
before the discovery period was actually over, the hearing itself on the motion to compel discovery
and for sanctions occurred after the discovery period had ended. (1) Additionally, appellant has
presented no argument for why the district court's alleged premature scheduling of a hearing on
discovery renders the final decree of divorce "void and of no force or effect." We therefore overrule
appellant's second issue. See Tex. R. App. P. 38(h).


CONCLUSION


 Having overruled all of appellant's issues on appeal, we affirm the district court's
final decree of divorce.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: September 10, 2004

1. At the hearing, the district court issued an order that (1) appellant answer discover requests,
and (2) appellant pay attorney's fees of $450 to appellee's attorney as discovery sanctions. Appellant
does not directly contest either component of the district court's order, but merely "prays that after
review of the record that the appellate court declare the trial court order void and of no force or
effect."