# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-03-00644-CV

---

**Rhett Webster Pease, Appellant**

**v.**

**Janell Pease, Appellee**

---

**FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
NO. 12380, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Rhett Webster Pease appeals from the district court's entry of a final decree of divorce. Following the allegation in his brief that he and his ex-wife, Janell Pease, have reconciled, appellant prays that the final decree of divorce should be rendered void and of no force and effect because (1) the district court improperly ruled on appellant's motion to disqualify the district court judge, and (2) the district court improperly shortened the discovery period. We will affirm the district court's final decree of divorce.

### Issue 1: Motion to Disqualify

On August 1, 2003, appellant filed a motion to disqualify the district court judge, alleging the judge was biased against him. On August 4, 2003, the district court denied appellant's

motion because it was not verified.  *See* Tex. R. Civ. P. 18a.  When a motion to recuse or disqualify is filed, the judge may either recuse himself or refer the motion to the presiding judge of the administrative judicial district.  *See* Tex. R. Civ. P. 18a(c); *Johnson v. Pumjani*, 56 S.W.3d 670, 672 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  The erroneous denial of a motion to disqualify renders void all orders and judgments by a judge who is constitutionally disqualified.  *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998); *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982).  Appellant therefore argues that the district court judge's failure to either recuse himself or refer the motion to the presiding judge of the administrative judicial district renders the final decree of divorce void as a matter of law.

We disagree.  Although appellant styled his motion as a motion to "disqualify," it is actually a motion to "recuse."  Appellant asserted in his motion that the judge's alleged bias, including "gender bias," should result in disqualification.  *See* Tex. Const. art. V, § 11 ("No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case.").  "While a judge's ability to be fair is an appropriate issue for consideration in a recusal action under the Texas Rules of Civil Procedure, 'fairness' is not a consideration in constitutional disqualification."  *Chandler v. Chandler*, 991 S.W.2d 367, 386-87 (Tex. App.—El Paso 1999, pet. denied) (citing *Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 558 (Tex. App.—Beaumont 1993, writ denied)).  Because appellant asserted no grounds for constitutional disqualification, we accordingly treat his motion as a motion to recuse.

2

The procedural requirements of Rule 18a regarding recusal are mandatory, and a party who fails to comply with them waives the right to complain of a judge's failure to recuse himself. *See Gill v. Texas Dep't of Criminal Justice*, 3 S.W.3d 576, 579 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Jamilah v. Bass*, 862 S.W.2d 201, 203 (Tex. App.—Houston [14th Dist.] 1993, no writ); *Watkins v. Pearson*, 795 S.W.2d 257, 259-60 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *see also Arnold v. State*, 778 S.W.2d 172, 180 (Tex. App.—Austin 1989), *aff'd*, 853 S.W.2d 543 (Tex. Crim. App. 1993). Here, appellant's motion was not verified, which prevents appellant from now arguing that the district court erred in overruling his motion or that the final decree of divorce is void. We overrule appellant's first issue.

**Issue 2: Shortened Discovery Period**

Appellant alleges the district court improperly shortened the discovery period by scheduling a hearing on a motion to compel discovery and for sanctions *before* the discovery period expired. While it appears from the record that the district court may have scheduled the hearing before the discovery period was actually over, the hearing itself on the motion to compel discovery and for sanctions occurred after the discovery period had ended.[1] Additionally, appellant has presented no argument for why the district court's alleged premature scheduling of a hearing on

---

[1] At the hearing, the district court issued an order that (1) appellant answer discover requests, and (2) appellant pay attorney's fees of $450 to appellee's attorney as discovery sanctions. Appellant does not directly contest either component of the district court's order, but merely "prays that after review of the record that the appellate court declare the trial court order void and of no force or effect."

discovery renders the final decree of divorce "void and of no force or effect." We therefore overrule appellant's second issue. *See* Tex. R. App. P. 38(h).

## CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the district court's final decree of divorce.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   September 10, 2004