Willie Edward DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–07–00206–CR.

Court of Appeals of Texas, Waco.

Aug. 13, 2008.

Richard E. Wetzel, Austin, TX, for Appellant.

Bill R. Turner, Brazos County Dist. Atty., Bryan, TX, for Appellee.

**DISSENT TO ORDER STRIKING BRIEF**

Justice VANCE, dissenting.

I agree with the disposition of Davis's first issue and the decision to abate for a hearing on his motion to recuse the trial judge. *See Kniatt v. State,* 239 S.W.3d 910, 922 (Tex.App.–Waco 2007, order) (per curiam) (abuse of discretion by not correctly applying or interpreting recusal law).

I disagree with the action to strike the State's brief.

---

The State recently filed two motions with us: (1) a motion to extend the time to file its brief; and (2) a motion to exceed the page-limit for the brief. The first has remained pending while the second was dismissed as moot by the majority on July 15, 2008.

A majority of this court has adopted the position that when a brief is filed late, a motion to extend the time to file that brief is moot because the brief has already been filed. I have disagreed with that position because, without the granting of the motion to extend the time, the brief is still late and subject to being stricken as a nonconforming document. TEX. R. APP. P. 9.4(i). Just because the clerk's office "files" the document, as they must under Rule 9.2, does not mean that it complies with all the applicable rules.

The same would be true of a brief that has too many pages and is accompanied by a motion to exceed the page limit, as happened here. Just because the clerk's office filed the too-long brief did not automatically bring it into compliance with the rules, so the motion to exceed the page limit should have been acted on and not declared to be moot, as the majority did on July 15.

Having declared moot the State's motion to exceed the page limit for its brief, the majority now strikes that same brief because it is too long. The majority does not mention the July 15 order, but unnecessarily criticizes the State about both the length and content of the brief.

I voted to grant the State's motion to exceed the page limit; the majority declared it moot. Having refused to act on it when the State sought relief under the Rules of Appellate Procedure, we should not now adopt a contrary position. If the motion was moot because the brief had been filed, the brief should not be stricken now. Thus, I respectfully dissent from that part of the abatement order.

For the reasons stated, I would also grant the State's pending motion to extend the time to file its brief, rather than declaring that motion to be moot.