**Opinion filed March 5, 2009**



## In The

# Eleventh Court of Appeals

_____

## No. 11-09-00049-CV

_____

## IN RE HOUSE OF YAHWEH, YISRAYL HAWKINS, AND SHANDRA HAWKINS

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relators, House of Yahweh, Yisrayl Hawkins, and Shandra Hawkins, seek a writ of mandamus compelling respondent, Hon. Brooks Hagler, to either recuse himself in this cause or to request the presiding judge of the administrative judicial district to assign another judge to hear their motion to recuse. We conditionally grant the writ of mandamus.

In the underlying suit, Michael Wayne Johnson, Jr., individually; as next friend of Alannah Johnson and Lisa Johnson, minors; and as representative of the estate of Lisa Johnson, brought a wrongful death and survival action against relators.[1] Relators filed a motion to recuse respondent from presiding over this case. Rule 18a of the Texas Rules of Civil Procedure governs motions to recuse. TEX. R. CIV. P. 18a. It provides, in relevant part, as follows:

> (a) At least ten days before the date set for trial or other hearing . . . any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case.

_____

[1]Arising from Trial Court Cause No. 021576 in the 259th District Court in Jones County.

(c) Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion.

Rule 18a(a), (c). Upon receiving relators' motion to recuse, respondent did not recuse himself or request the presiding judge to assign a judge to hear the motion. Instead, respondent wrote a letter to the parties in which he stated that the "Motion to Recuse is untimely, and therefore said motion is not being referred to the Presiding Judge of the 7th Administrative Judicial Region."

Mandamus relief is appropriate only if the trial court abused its discretion or violated a legal duty and if there is no adequate remedy at law. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *In re House of Yahweh*, 266 S.W.3d 668, 673 (Tex. App.—Eastland 2008, orig. proceeding). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

The denial of a motion to recuse is appealable from a final judgment. Rule 18a(f). Therefore, a party challenging the denial of a recusal motion ordinarily has an adequate remedy by appeal. However, mandamus relief is available when a judge violates a mandatory statutory duty either to recuse or refer a motion to recuse to the presiding judge. *In re Norman*, 191 S.W.3d 858, 860 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *Jamilah v. Bass*, 862 S.W.2d 201, 202-03 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *Winfield v. Daggett*, 846 S.W.2d 920, 922 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) (Trial judge violated the duty to recuse himself or to refer the motion to the presiding judge, and no adequate remedy by appeal existed because, by failing to refer the motion, the trial judge had prevented the relator from developing a record for appeal.). Under Rule 18a, respondent had a mandatory duty to either recuse himself or to refer relators' recusal motion to the presiding judge. *In re Norman*, 191 S.W.3d at 860. Respondent had only two options: to recuse himself or to refer the motion to the presiding judge. He did not have the option of determining that the motion was untimely and, therefore, failing to refer it to the presiding judge was an abuse of discretion. *Jamilah*, 862 S.W.2d at 203 (The trial judge must recuse himself or refer the motion to the presiding judge "regardless of the timeliness of the motion."). Respondent abused his discretion by failing to comply with the requirements of Rule 18a.

We note that relators' motion to recuse was timely filed. Real party in interest contends that, to be timely filed under Rule 18a(a), a recusal motion "must be filed ten (10) days before the first hearing" in the case. However, Rule 18a(a) does not refer to the "first" hearing in a case. Rather, it provides that a recusal motion must be filed at least ten days before the date set for trial or other hearing. Thus, Rule 18a(a) contains no requirement that a party file a recusal motion before the first hearing in a case. *See Brosseau v. Ranzau*, 911 S.W.2d 890, 893 (Tex. App.—Beaumont 1995, no writ) ("A party may make a motion to recuse at any time while the case is still pending," and a motion to recuse a trial judge from hearing a motion for new trial is timely filed if it is filed at least ten days before the hearing on the motion for new trial.); *CNA Ins. Co. v. Scheffey*, 828 S.W.2d 785, 792-93 (Tex. App.—Texarkana 1992, writ denied) (A motion to recuse was timely filed because it was filed more than ten days before the date set for hearing on a motion for new trial.). This cause was not set for trial or any other hearing when relators filed their motion to recuse; therefore, the motion was timely filed.

We conditionally grant the petition for writ of mandamus. We are confident that respondent will comply with this opinion and enter either an order recusing himself or an order requesting the presiding judge to assign another judge to hear relators' motion to recuse. The writ of mandamus will issue only if respondent fails to act by March 31, 2009.

TERRY McCALL

JUSTICE

March 5, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.