Opinion filed March 5, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed March 5,
2009

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00049-CV

                                                    __________

 

                          
IN RE HOUSE OF YAHWEH, YISRAYL HAWKINS,

                                       
AND SHANDRA HAWKINS

                                                              



 

                                                Original
Mandamus Proceeding

                                                                              



 

                                             M
E M O R A N D U M   O P I N I O N

Relators,
House of Yahweh, Yisrayl Hawkins, and Shandra Hawkins, seek a writ of mandamus
compelling respondent, Hon. Brooks Hagler, to either recuse himself in this
cause or to request the presiding judge of the administrative judicial district
to assign another judge to hear their motion to recuse.  We conditionally grant
the writ of mandamus.

In
the underlying suit, Michael Wayne Johnson, Jr., individually; as next friend
of Alannah Johnson and Lisa Johnson, minors; and as representative of the
estate of Lisa Johnson, brought a wrongful death and survival action against
relators.[1]  Relators
filed a motion to recuse respondent from presiding over this case.  Rule 18a of
the Texas Rules of Civil Procedure governs motions to recuse.  Tex. R. Civ. P. 18a.  It provides, in
relevant part, as follows:

(a)
At least ten days before the date set for trial or other hearing . . . any
party may file with the clerk of the court a motion stating grounds why the
judge before whom the case is pending should not sit in the case.








 

(c)
Prior to any further proceedings in the case, the judge shall either recuse
himself or request the presiding judge of the administrative judicial district
to assign a judge to hear such motion.

 

Rule 18a(a),
(c).  Upon receiving relators=
motion to recuse, respondent did not recuse himself or request the presiding
judge to assign a judge to hear the motion.  Instead, respondent wrote a letter
to the parties in which he stated that the AMotion
to Recuse is untimely, and therefore said motion is not being referred to the
Presiding Judge of the 7th Administrative Judicial Region.@

Mandamus
relief is appropriate only if the trial court abused its discretion or violated
a legal duty and if there is no adequate remedy at law.  In re Dana Corp.,
138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding); Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); In re House of Yahweh,
266 S.W.3d 668, 673 (Tex. App.CEastland
2008, orig. proceeding).  A trial court abuses its discretion if Ait reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.@  Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding).

The
denial of a motion to recuse is appealable from a final judgment.  Rule
18a(f).  Therefore, a party challenging the denial of a recusal motion
ordinarily has an adequate remedy by appeal.  However, mandamus relief is
available when a judge violates a mandatory statutory duty either to recuse or
refer a motion to recuse to the presiding judge.  In re Norman, 191
S.W.3d 858, 860 (Tex. App.CHouston
[14th Dist.] 2006, orig. proceeding); Jamilah v. Bass, 862 S.W.2d 201,
202-03 (Tex. App.CHouston
[14th Dist.] 1993, orig. proceeding); Winfield v. Daggett, 846 S.W.2d
920, 922 (Tex. App.CHouston
[1st Dist.] 1993, orig. proceeding) (Trial judge violated the duty to recuse
himself or to refer the motion to the presiding judge, and no adequate remedy
by appeal existed because, by failing to refer the motion, the trial judge had
prevented the relator from developing a record for appeal.).  Under Rule 18a,
respondent had a mandatory duty to either recuse himself or to refer relators= recusal motion to the
presiding judge.  In re Norman, 191 S.W.3d at 860.  Respondent had only
two options:  to recuse himself or to refer the motion to the presiding judge. 
He did not have the option of determining that the motion was untimely and,
therefore, failing to refer it to the presiding judge was an abuse of
discretion.  Jamilah, 862 S.W.2d at 203 (The trial judge must recuse
himself or refer the motion to the presiding judge Aregardless of the timeliness of the motion.@).  Respondent abused his
discretion by failing to comply with the requirements of Rule 18a.








We
note that relators=
motion to recuse was timely filed.  Real party in interest contends that, to be
timely filed under Rule 18a(a), a recusal motion Amust
be filed ten (10) days before the first hearing@
in the case.  However, Rule 18a(a) does not refer to the Afirst@ hearing in a case. 
Rather, it provides that a recusal motion must be filed at least ten days
before the date set for trial or other hearing.  Thus, Rule 18a(a) contains no
requirement that a party file a recusal motion before the first hearing in a
case.  See Brosseau v. Ranzau, 911 S.W.2d 890, 893 (Tex. App.CBeaumont 1995, no writ) (AA party may make a motion
to recuse at any time while the case is still pending,@ and a motion to recuse a trial judge from
hearing a motion for new trial is timely filed if it is filed at least ten days
before the hearing on the motion for new trial.); CNA Ins. Co. v. Scheffey,
828 S.W.2d 785, 792-93 (Tex. App.CTexarkana
1992, writ denied) (A motion to recuse was timely filed because it was filed
more than ten days before the date set for hearing on a motion for new
trial.).  This cause was not set for trial or any other hearing when relators
filed their motion to recuse; therefore, the motion was timely filed.

We
conditionally grant the petition for writ of mandamus.  We are confident that
respondent will comply with this opinion and enter either an order recusing
himself or an order requesting the presiding judge to assign another judge to
hear relators= motion
to recuse.  The writ of mandamus will issue only if respondent fails to act by
March 31, 2009.

 

 

TERRY McCALL

JUSTICE

March 5, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Arising from Trial Court Cause No. 021576 in the 259th
District Court in Jones County.