# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00352-CR

**Brandon Paul Villareal, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT NO. 2009-038, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## O P I N I O N

A jury found appellant Brandon Paul Villareal[1] guilty of four counts of aggravated robbery, *see* Tex. Penal Code Ann. § 29.03 (West 2003), and assessed his punishment at fifty-five years imprisonment and a $5,000 fine on each of the four counts, the sentences to run concurrently. In three issues, Villareal challenges the trial judge's failure to recuse himself or refer the recusal matter to the presiding judge when presented with Villareal's motion to recuse on the first day of trial. Because we find that the trial judge's error was harmless, we will overrule Villareal's contentions and affirm the conviction.

---

[1] Although both Villareal and the State use "Villarreal" in their appellate briefs to refer to appellant, we will use the name as listed on the judgment of conviction.

## BACKGROUND

Villareal was originally indicted on four counts of aggravated robbery, *see id.*, and four counts of aggravated kidnapping, *see id.* § 20.04 (West 2003). Villareal agreed to plead guilty to the four counts of aggravated robbery in return for the State dropping its kidnapping charges and capping punishment at 20 years imprisonment per count, but the trial judge rejected his plea offer at the punishment hearing. As a result, Villareal formally withdrew his guilty plea.

Shortly after the trial court rejected his plea offer, Villareal filed a recusal motion alleging that the trial judge "had manifested a prejudice" against Villareal and could not consider the full range of punishment. Pursuant to Rule 18a, the trial judge referred the motion to the presiding judge of his region, who in turn assigned another judge to hear the matter. *See* Tex. R. Civ. P. 18a(d); *see also Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding that rule 18a applies in criminal cases). After a hearing, the judge assigned to hear the matter denied Villareal's recusal motion.

Villareal's trial was subsequently set for Monday April 5, 2010. When the trial court called the docket on the morning of trial, the State announced that it was ready for trial, but Villareal's counsel made an oral motion for the trial judge to recuse himself because the trial judge's name was on the list of persons summoned by the Caldwell County Sheriff to appear for jury duty that day. The following exchange took place outside the presence of the other panel members who had been summoned for jury duty that day:

Villareal's counsel:   Your Honor, we have an issue I need to raise with you.

The Court:   You have a what?

2

Villareal's counsel:   An issue with the jury.

The Court:   What is that?

Villareal's counsel:   You, Your Honor, are on the jury panel.

The Court:   So?

Villareal's counsel:   Well I consulted with Mr. Jasuta this morning, and he's advised me that you are unable to serve in two different capacities.

The Court:   Well, I am not going to serve on the jury.

Villareal's counsel:   But since you're on the panel, I'm going to make a new motion to recuse because you cannot rule on that issue.

The Court:   Well, yes, I can. And I'm not granting your motion. Nice try . . . .

. . . .

Villareal's counsel:   And make sure we have a ruling on that motion, Your Honor.

The Court:   I've already denied it, sir.

Villareal's counsel:   Thank you.

The Court:   Are you just trying to avoid going to trial, sir?

Villareal's counsel:   No, sir. I'm just trying to make sure I get an appellate record. That's my job. We are prepared.

. . . .

Villareal's counsel:   I realize this might be denied, but I'm also going to make a motion to quash the jury panel because of your presence on the jury panel, because I would like an opportunity to voir dire you.

The Court:   That's denied.

. . . .

3

After this discussion, the trial judge, the attorneys, and Villareal moved to a different room in the courthouse where the persons who had been summoned for jury duty that day were waiting. The trial court seated the prospective jury panelists in order and began to explain various court procedures. Before the trial court swore in the prospective jurors for voir dire, however, Villareal's counsel raised the recusal issue again:

| | |
|---|---|
| Villareal's counsel: | I'm asking for a visiting judge to make a ruling on your— |
| The Court: | You show up on the day of hearing. You don't pick up your jury panel until Thursday of the night before. It's not in writing and it's not sworn. It's denied. |
| Villareal's counsel: | I was just asking that the judge make a ruling. |
| The Court: | All right. Thank you. |
| | [To the potential jurors] Just to show you that the jury panel—that everybody gets picked . . . I get called for jury duty, too. |

After this exchange, the trial judge swore in the potential jurors, heard their reasons for disqualification or exemption and requests to be excused, and excused or disqualified certain of them as applicable or required. *See* Tex. Code Crim. Proc. Ann. art. 35.03 (West 2010). The State then asked for a jury shuffle, and the trial judge recessed the proceedings. After the break, at approximately 10:30 a.m., Villareal's counsel filed a handwritten and verified motion requesting that the trial judge recuse himself from the case because "he is a member of the venire panel and has not been excused by a third party independent judicial officer." The trial judge denied the motion and wrote the following on the motion: "Oral unsworn motion made @ 9:00 and ruled on at time.

4

Jury panel qualified/sworn[.]  Written motion filed during shuffle denied.  [trial judge's initials]"

The trial court then began voir dire.

After voir dire, Villareal's counsel raised the recusal issue again in a sidebar with the trial judge and the prosecutor regarding striking certain jurors for cause:

| | |
|---|---|
| Villareal's counsel: | Your Honor, you're still on the panel. |
| The Court: | No, I'm not. |
| Villareal's counsel: | So you're off the panel, sir? |
| The Court: | You know I'm off the panel, [counsel].  Save it. |
| . . . . | |
| Villareal's counsel: | And I guess you struck yourself, right? |
| The Court: | I was not on the panel to begin with.  It was inadvertently placed on there. |
| . . . . | |
| Villareal's counsel: | Your Honor, just so I can make a complete record, I would have struck you for cause and I would have asked for an additional strike.  And I just want to make sure we have a clean record on the issue because it is going to appear on here— |
| The Court: | Well, it was put on there inadvertently, Counsel.  I told you that. |
| Villareal's counsel: | Well, I know, but the problem is I'm going to have somebody else look over my shoulder on this, and I want to make sure we have a clean record. |
| The Court: | You've made that clear, sir, but I'm not on the panel. |

| | |
|---|---|
| Villareal's counsel: | Well, the question is somebody is going to ask me how you got off the panel, or is going to ask the appellate court how you got off the panel. So what I am saying on the record is I would have struck you, and I am going to ask for an additional strike. |
| The Court: | Well, I'm not on the panel, so that's irrelevant. |

After this exchange, the attorneys exercised their peremptory strikes. The judge then empaneled the jury and started the trial. The record shows that the recusal issue was not raised again. The jury found Villareal guilty of four counts of aggravated robbery and assessed his punishment at fifty-five years imprisonment and a $5,000 fine on each of the four counts, the punishment to run concurrently. Villareal now appeals.

## DISCUSSION

**Recusal procedures**

In his first issue, Villareal asserts that the trial judge abused his discretion when he denied Villareal's motion to recuse. Assuming without deciding that Villareal's motion was timely,[2]

---

[2] The State argues that Villareal's motion was untimely, not because it was filed within ten days of the date set for trial, *see* Tex. R. Civ. P. 18a(a), but because Villareal's counsel, who received the list on the last business day before a Monday trial setting, did not file the motion "at the earliest practicable time prior to the commencement of the trial," *see id.* 18a(e). Rule 18a does not account for the situation where the alleged ground for recusal could not have been known prior to ten days before trial. Our sister courts who have addressed this issue, in both civil and criminal cases, have held that the ten-day requirement is not absolute where the movant could not have known of the possible grounds for recusal until after the motion would be untimely under Rule 18a. *See, e.g., Stafford v. State*, 948 S.W.2d 921, 925 n.6 (Tex. App.—Texarkana 1997, pet. ref'd) (citing *Sun Exploration & Prod. Co. v. Jackson*, 783 S.W.2d 202, 206 (Tex. 1989) (Spears, J., concurring)) ("The ten-day requirement of Rule 18a is not absolute and does not contemplate the situation in which a party cannot know the basis of the recusal until after a motion for recusal is no longer timely."); *Martin v. State*, 876 S.W.2d 396, 397 (Tex. App.—Fort Worth 1994, no pet.) (same); *Jamilah v. Bass*, 862 S.W.2d 201, 203 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding)

6

we agree. Under Texas Rule of Civil Procedure 18a, a judge presented with a timely motion to recuse has two, and only two, options: (1) recuse himself or (2) refer the motion to the presiding judge for his region. Tex. R. Civ. P. 18a(c); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004, orig. proceeding) ("When a recusal motion is timely filed, Rule 18a leaves a trial judge with no discretion—the trial judge must either recuse himself or refer the motion for another judge to decide."). Even if the motion is groundless, the trial court has no discretion to rule on the motion himself. *See De Leon*, 127 S.W.3d at 5. Accordingly, we hold that the trial judge here, when presented with a motion to recuse, even if groundless, abused his discretion by not recusing himself or referring the matter to the presiding judge pursuant to the procedures set forth in Rule 18a and the relevant case law.

The trial court's abuse of discretion, however, is subject to a harm analysis. *See McClenan v. State*, 661 S.W.2d 108, 111 (Tex. Crim. App. 1983); *see also De Leon*, 127 S.W.3d at 6 (citing *McClenan* with approval for proposition that "a trial judge's failure to comply with Rule 18a

---

(holding that because party was not notified of hearing until five days before hearing, motion to recuse was timely). We also note that the supreme court's proposed amendments to rule 18a, which are effective Aug. 1, 2011, address this issue:

> 18.1(b)(1)  Motion to Recuse. A motion to recuse:
>  (A)  must be filed as soon as practicable after the movant knows of the ground stated in the motion; and
>  (B)  must not be filed after the tenth day before the date set for trial or other hearing unless, before that day, the movant neither knew nor reasonably should have known:
>   (i)  that the judge whose recusal is sought would preside at the trial or hearing; or
>   (ii)  that the ground stated in the motion existed.

Order Amending Rules 18a and 18b of the Texas Rules of Civil Procedure, Misc. Docket No. 11-9064, Rule 18.1(b)(1) (Tex. Apr. 11, 2011) (effective Aug. 1, 2011).

can be harmless where the record demonstrates that a trial judge was not biased"). In *McClenan*,

which *De Leon* overruled on other grounds, *see De Leon*, 127 S.W.3d at 5-6, the defendant elected

before trial to have the judge assess punishment in the event he was found guilty by the jury. After

the jury was impaneled but before the trial began, the trial judge declared to the parties that he could

not consider probation for the defendant if certain facts were proven. *McClenan*, 661 S.W.2d at 109.

McClenan's counsel immediately moved for recusal based on the trial judge's "bias against the

range of punishment allowed by law," but the trial court denied the motion, and the jury subsequently

found the defendant guilty. *Id.* The court of criminal appeals held that the recusal procedures set

forth in a prior version of Rule 18a were mandatory and "should have been followed and another

judge should have heard the motion" before trial, but then affirmed the conviction because the record

showed no bias on the part of the trial judge. *Id*. at 110-11 ("[B]ecause we find that the record before

us is complete and that no bias is shown . . . , we affirm the conviction. . . ."). Thus, in criminal

cases where the record is complete, a trial judge's abuse of discretion in failing to follow recusal

procedures does not compel reversal of a conviction—i.e., it is harmless error—where the record

demonstrates that the trial judge was not biased or partial. *De Leon*, 127 S.W.3d at 6; *McClenan*,

661 S.W.2d at 110-11.[3]

---

[3] We note that in civil cases, any action taken by the trial court after a motion to recuse has been filed is void. *See, e.g.*, *In re A.R.*, 236 S.W.3d 460, 477 (Tex. App.—Dallas 2007, no pet.); *Johnson v. Pumjani*, 56 S.W.3d 670, 672 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd w.o.j.). We also note that at least two of our sister courts have held in criminal cases that all actions taken by a trial judge after a motion to recuse has been filed are void, but both rely on civil case-law precedent to support their holding. *See Mosley v. State*, 141 S.W.3d 816, 837 (Tex. App.—Texarkana 2004, pet. ref'd); *Crawford v. State*, 807 S.W.2d 597, 598 (Tex. App.—Dallas 1991, no writ). Other of our sister courts have held in criminal cases that the proper remedy for a trial judge's failure to comply with Rule 18a is not reversal, but abatement and remand to comply with the rule. *See Davis v. State*, No. 10-07-00206-CR, 2008 WL 3845284, at *1

We have reviewed the complete record here and find no indications of bias or partiality on the part of the trial judge. Although his name was initially included on the list of persons summoned for jury duty that day, the trial judge indicated just minutes into docket call—i.e., well before the potential jurors were sworn for voir dire and before trial started—that he was "not going to serve on the jury." Later, before the jury was empaneled, the trial judge reasserted that he was "not on the panel." The trial judge did not explain why or how his name was no longer on the list of prospective jurors, but we can infer, because it is the only logical inference under the circumstances, that he removed his name from the list because he was serving as the trial judge for the case. Regardless, however, given a trial court's broad discretion to discharge prospective jurors after hearing and determining excuses for not serving as a juror, *see* Tex. Code Crim. Proc. Ann. art. 35.03, we hold that the trial court here had the discretion to and properly did remove his name from the list of persons called for jury duty that day before voir dire began. *See Crutsinger v. State*, 206 S.W.3d 607, 608 (Tex. Crim. App. 2006) ("Article 35.03 gives a trial court broad discretion to excuse prospective jurors for good reason."); *Black v. State*, 26 S.W.3d 895, 899 (Tex. Crim. App. 2000) (holding that trial court did not abuse its discretion in *sua sponte* excusing prospective juror off record and out of presence of attorneys and appellant). Thus, at no point during the trial did the trial judge serve as a potential juror in this case. Further, except for the trial judge's

(Tex. App.—Waco 2008, no pet.); *Adames v. State*, No. 01-94-01263-CR, 1999 WL 1174, at *1 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Sanchez v. State*, 926 S.W.2d 391, 396 (Tex. App.—El Paso 1996, pet. ref'd); *see also Arnold v. State*, 778 S.W.2d 172, 180 (Tex. App.—Austin 1989), *aff'd*, 853 S.W.2d 543 (Tex. Crim. App. 1993) (affirming conviction because motion to recuse was not timely filed, but noting that if trial court had erred error was harmless and, even if it was not, proper remedy would be to abate the appeal and remand for hearing on motion to recuse). Nevertheless, for the reasons discussed above, we conclude that *De Leon* controls our decision here.

one comment to the potential jurors that a trial judge "get[s] called for jury duty, too," the recusal discussions took place outside the hearing of the potential jurors. Accordingly, Villareal's assertion that the trial court confused the potential jurors by failing to recuse himself, denying Villareal's motions to recuse, and presiding over the trial is untenable and without merit.

Also, we do not see how the county clerk's inclusion of the trial judge's name on the list of persons summoned for jury duty that day, coupled with the fact that the judge removed his name from that list before voir dire, could have resulted in any bias or partiality by the trial judge, and Villareal does not provide any specific examples of bias or partiality. Villareal merely asserts that the trial judge "could have been construed" as having "a certain degree of bias towards [Villareal]" by failing to recuse himself, denying the motions to recuse, and presiding over the trial. But "judicial rulings alone almost never constitute a valid basis for" an assertion of bias or partiality. *See Liteky v. U.S.*, 510 U.S. 540, 555-56 (1994). Further, the trial judge had a minimal role, if any, as a prospective juror—he did not participate in voir dire, he did not sit with the other prospective jurors, and Villareal did not have to question him or use a peremptory strike to keep him off the jury. Thus, there is no indication in the record that the inclusion of the trial judge's name on the list of persons summoned for jury duty somehow tainted the jury or the trial.

Finally, we note that jurors, like trial judges, must have "no opinion about the case at the start of the trial" and must base their "verdict on competent legal evidence." *See Black's Law Dictionary* 933-34 (9th ed. 2010). We fail to see how merely having the trial judge's name appear on the list of persons summoned for jury duty—i.e., having him potentially be asked to serve as an impartial trier of fact—would somehow taint the trial judge's ability to be unbiased or impartial.

10

But, more importantly, we have reviewed the entire record of this case and found no indication of bias, partiality, or prejudice on the part of the trial judge.

In holding that the trial judge's failure to follow the procedures of Rule 18a is harmless error in this case, we do not minimize our holding that the trial judge abused his discretion when he did not recuse himself or refer the matter to the presiding judge for his court, regardless of the merits of the motion. Further, we are mindful that the integrity of the judicial system should be protected against any appearance of bias or partiality. But, as Texas Court of Criminal Appeals' precedent tells us, when the record demonstrates that the trial judge was not biased or partial, the failure to follow the recusal procedures will not overturn a conviction. *See De Leon*, 127 S.W.3d at 6; *McClenan*, 661 S.W.2d at 110. Accordingly, we overrule Villareal's first issue.

**Constitutional claims**

In his second and third issues, Villareal asserts that when the trial judge denied his motion to recuse rather than recuse himself or refer the matter to the presiding judge pursuant to Rule 18a, the trial judge denied Villareal "his right to a fair trial and due process of law as guaranteed by" the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and article I, sections 10 and 19 of the Texas Constitution. We disagree.

Both the U.S. and Texas constitutions provide an accused in a criminal trial with the right to a day in court shielded by safeguards designed to assure a fair and impartial trial. *See, e.g.*, U.S. Const. amends. V ("[n]o person shall be . . . deprived of life, liberty, or property, without due process of law"), VI ("[i]n all criminal prosecutions, the accused shall enjoy the right to . . . trial . . . by an impartial jury"), XIV (no state may "deprive any person of life, liberty, or property, without

11

due process of law"); Tex. Const. art. I, §§ 10 ("In all criminal prosecutions, the accused shall have a speedy public trial by an impartial jury."), 19 ("No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due court of the law of the land."). As Villareal asserts here, his right to due process guarantees him the right to "[a] fair trial in a fair tribunal." *In re Murchison*, 349 U.S. 133, 136 (1955) (holding that "[a] fair trial in a fair tribunal is a basic requirement of due process"). But Villareal's argument that he was denied a fair trial hinges on the trial judge's failure to follow recusal procedures and "most matters relating to judicial disqualification d[o] not rise to a constitutional level." *See Federal Trade Comm'n v. Cement Inst.*, 333 U.S. 683, 702 (1948). "Thus matters of kinship, *personal bias*, state policy, remoteness of interest would seem generally to be matters merely of legislative discretion." *Tumey v. Ohio*, 273 U.S. 510, 523 (1927) (emphasis added). This is because the "Due Process Clause demarks only the outer boundaries of judicial disqualifications." *See Caperton v. A.T. Massey Coal Co., Inc.*, 129 S. Ct. 2252, 2267 (2009). In fact, before its *Caperton* decision in 2009, the Supreme Court had identified only two specific instances requiring judicial recusal on constitutional grounds: (1) "where a judge had a financial interest in the outcome of a case," *see id.* at 2259-61 (citing *Tumey*, 273 U.S. at 535), and (2) "where a judge has no pecuniary interest in the case but was challenged because of a conflict arising from his participation in an earlier proceeding," *see id.* at 2261-62 (citing *Murchison*, 349 U.S. at 133; *Mayberry v. Pennsylvania*, 400 U.S. 455, 466 (1971)). In *Caperton*, the Supreme Court identified a third circumstance requiring recusal: where "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Id.* at 2259 (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Here, there are no allegations of a pecuniary interest in the case or participation in an earlier proceeding.

12

Thus, the trial judge's failure to recuse violated Villareal's constitutional rights only if "the probability of actual bias on the part of the judge . . . is too high to be constitutionally tolerable." *See id.* at 2259. As discussed previously, however, nothing in the record indicates any bias or probability of bias on the part of the trial judge based on the inclusion of his name on the list of persons summoned for jury duty that day. Further, the fact that the trial judge's name was included on that list would not lead a reasonable person, knowing all the circumstances involved—particularly that the trial judge removed his name from the list of potential jurors before voir dire—to harbor doubts as to the trial judge's impartiality. *See Kemp v. State*, 846 S.W.2d 289, 305 (Tex. Crim. App. 1992); *McClenan*, 661 S.W.2d at 110. Finally, to the extent that Villareal is suggesting that he has a due process right to a hearing on his motion to recuse, Villareal cites no authority, nor have we found any, that his right "to a fair trial by a fair tribunal" entitles him to such a hearing. Accordingly, we overrule Villareal's third and fourth issues.

## CONCLUSION

Having overruled each of Villareal's issues, we affirm the judgment of conviction.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   July 20, 2011

Publish

13