

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-15-00438-CR and 04-15-00439-CR

Christopher J. **PADILLA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR4826B
Honorable Ray Olivarri, Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Karen Angelini, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  July 13, 2016

AFFIRMED

Appellant Christopher J. Padilla was charged by two separate indictments with murder and robbery.  The jury returned a verdict of guilty and assessed punishment at fifty-two years' confinement in the Institutional Division of the Texas Department of Criminal Justice on the murder charge and twenty-years' confinement on the robbery charge.  On appeal, Padilla contends the trial court judge erred in refusing to recuse himself or have Padilla's recusal request heard by a neutral judge.  We affirm the trial court's judgment.

**MOTION TO RECUSE**

The only issue in this appeal stems from the trial court's denial of Padilla's request that the trial court judge recuse himself and Padilla's subsequent request that the motion be heard by an independent judge.

## A.    Standard of Review

"An appellate court reviews a trial court's denial of a motion to recuse under an abuse of discretion standard." *Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011); *Green v. State*, 374 S.W.3d 434, 446 (Tex. Crim. App. 2012); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding); *see also* TEX. R. CIV. P. 18a(j)(1)(A). Our review looks at the "totality of the evidence and information elicited at the recusal hearing"; and, we presume the trial court was neutral and detached absent a clear showing that the trial court's ruling was outside the zone of reasonable disagreement. *See Gaal*, 332 S.W.3d at 456; *Steadman v. State*, 31 S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).

## B.    Motion to Recuse

"A Texas judge may be removed from presiding over a case for one of three reasons: he is constitutionally disqualified; he is subject to a statutory strike; or, he is subject to statutory disqualification or recusal under Texas Supreme Court rules." *Gaal*, 332 S.W.3d at 452 (citations omitted). Texas Rule of Civil Procedure 18b(b) provides the circumstances when a judge must recuse in any judicial proceeding. *See* TEX. R. CIV. P. 18b(b); *see also Gaal*, 332 S.W.3d at 453 (applying Civil Procedure rule 18(b) to criminal trial); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (same). The relevant portion of the statute provides:

A judge must recuse in any proceeding in which:

(1)    the judge's impartiality might reasonably be questioned;

(2)     the judge has a personal bias or prejudice concerning the subject matter or a party . . . .

*See* TEX. R. CIV. P. 18b(b)(1), (2); *accord Gaal*, 332 S.W.3d at 453.

A judge's remarks "*will* require recusal if they reveal 'such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Gaal*, 332 S.W.3d at 453 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The threshold bias or prejudice is not met by a judge's "'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women may display.'" *Gaal*, 332 S.W.3d at 453 (quoting *Liteky*, 510 U.S. at 555–56).

Civil Procedure Rule 18a further requires, inter alia, that a motion to recuse be filed with the clerk of the court, be verified, and assert "one or more of the grounds listed in Rule 18b." TEX. R. CIV. P. 18a(a); *see Arnold*, 853 S.W.2d at 544 (applying Texas Rule of Civil Procedure 18a to criminal cases).  Additionally, the motion "must be filed as soon as practicable after the movant knows of the ground stated in the motion." TEX. R. CIV. P. 18a(b).  "[T]he mandatory referral provisions of [R]ule 18a are not triggered if a recusal motion is procedurally defective." *Mercer v. State*, Nos. 13-09-00286-CR, 13-09-00288-CR, 13-09-00430-CR, 2012 WL 592926, at *4 (Tex. App.—Corpus Christi Feb. 23, 2012, pet. ref'd) (mem. op., not designated for publication) (citing *DeBlanc v. State*, 799 S.W.2d 701, 706 (Tex. Crim. App. 1990)); *see also In re Chavez*, 130 S.W.3d 107, 113 (Tex. App.—El Paso 2003, orig. proceeding).  In criminal cases, it is the "trial judge [who] may make an initial determination as to whether the recusal motion conforms with Rule 18a(a)." *In re Chavez*, 130 S.W.3d at 113.

## C.     Proceedings Before the Trial Court

Because the only issue in this appeal relates to the trial court's refusal to recuse itself, we only address the portions of the record pertaining to defense counsel's motion.

During voir dire, the State inquired about a venireman's ability to consider the entire range of punishment, including a sentence of five years on the murder charge. The trial court requested the attorneys approach the bench and, outside the hearing of the jury, the following exchange occurred:

| | |
|---|---|
| Trial Court: | Last week a jury gave 13 on a murder. A few months ago in the newspaper the father caught this other man having sex with his daughter, raping his daughter. He killed him. Now, would he deserve five years? Maybe he should. I think you can give some scenarios here. All right. |
| State: | Sounds good. |
| Defense Counsel: | Your Honor—wait. |
| Trial Court: | Come on back. |
| Defense Counsel: | Your Honor, I object to the Court giving advice to the prosecution on how to clean up their voir dire in the middle of a trial. |
| Trial Court: | I'm not asking them to clean up. We're not—we're not—I don't think they understand that—why they should—why the State legislature gave that full range of punishment. |
| Defense Counsel: | Your Honor, I understand the Court's instruction to the prosecution and their assistance. |
| Trial Court: | No, it was instructions to you too. |
| Defense Counsel: | At this time, Your Honor, we respectfully request that you recuse yourself from this case. |
| State: | And you know what, here's my response. Here's the thing, you could also give that instruction to the jury. |
| Trial Court: | That's correct. |
| State: | You can give the jury the exact— |
| Trial Court: | I was just about to do it too. |
| Defense Counsel: | At this time, Your Honor, we respectfully request that you recuse yourself from this case. |
| Trial Court: | Okay. Well, I'm denying that request. |
| Defense Counsel: | We request a hearing on that. |
| Trial Court: | All right. Go ahead. |

The State proceeded to continue asking individual questions of the panel.

The jury was excused. Defense counsel requested the trial court rule on his motion for recusal and the trial court reiterated the motion was previously denied. After the trial court judge reiterated, "I wasn't taking any sides here," the following exchange occurred between defense counsel and the trial court judge:

| | |
|---|---|
| Trial Court: | And I would object to your ruling, Your Honor, and I would object to us continuing the trial. |
| Trial Court: | On what—what legal reason? |
| Defense Counsel: | I believe that a motion to recuse must be heard by an independent judge. |
| Trial Court: | Well, you asked me to recuse myself. |
| Defense Counsel: | I did, Your Honor. |
| Trial Court: | Right. |
| Defense Counsel: | And I believe that that requires another judge to make a ruling on that. |
| Trial Court: | Well, if you would have asked me—see, you want me recused, then that would have been a different situation. |
| Defense Counsel: | I thought I did ask you to recuse yourself, Your Honor. |
| Trial Court: | You asked me to recuse myself. |
| Defense Counsel: | Correct. |
| Trial Court: | You didn't say "I want you recused." |
| Defense Counsel: | And I think that's a difference without a difference, Your Honor. |
| Trial Court: | No. No, I don't think so. If I would go up to a judge and say, "I want you recused," that is saying I want you recused. You asked me to recuse myself. |
| Defense Counsel: | I do, Your Honor. |
| Trial Court: | You do what? |
| Defense Counsel: | I do ask you to recuse yourself, Your Honor, and if you refuse, then the norm would be to have another judge make a ruling on that. And at this point I object to going forward with the trial. |
| Trial Court: | Well, but I—can you give me a legal reason on why I should recuse myself? |
| Defense Counsel: | Yes. . . . Because it appears on the record you injected yourself in the trial and assisting the prosecution and giving them advice on them during their voir dire, and defense has objected to that and has asked you to recuse yourself. |

| | |
|---|---|
| Trial Court: | I can understand it if I just called the prosecutors up here and not you, and I told them this is what you need to do. No, but I called you up here as well and advised both of y'all that maybe this is what you should do. I didn't instruct you on it. I just said maybe you should explain it. |
| Defense Counsel: | My objection stands, Your Honor. |

The trial court instructed the bailiff to bring the jury back into the courtroom. Ultimately, both the State and defense counsel agreed to strike the potential juror for cause.

## D.    Arguments of the Parties

Padilla relies on *De Leon v. Aguilar* for the proposition that a motion to recuse pursuant to Rule 18a requires the trial court to "either recuse himself or refer the motion for another judge to decide." *See* 127 S.W.3d at 5. Padilla further asserts that "[e]ven if a motion to recuse is procedurally defective, he must refer the motion so another judge can determine the merits of the motion to recuse if the judge does not then voluntarily recuse himself." *See McLeod v. Harris*, 582 S.W.2d 772, 775 (Tex. 1979); *see also Jamilah v. Bass*, 862 S.W.2d 201, 203 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *Duffey v. State*, 428 S.W.3d 319, 324–25 (Tex. App.—Texarkana 2014, no pet.). Because the trial court "assumed the role of the prosecutor," Padilla contends the trial court denied him of his basic due process rights.

The State counters the trial court was permitted to make the initial determination whether Padilla's motion to recuse complied with Rule 18a(a). TEX. R. CIV. P. 18a(a). Padilla's oral motion for recusal, without more, did not preserve error. *See id.*

## E.    Analysis

In a criminal case, a trial court is not obligated to refer a motion to recuse to the administrative judge absent the defendant filing a timely, written, and verified motion to recuse. *See De Leon*, 127 S.W.3d at 5; *Arnold*, 853 S.W.2d at 544; *see also Barron v. State Att'y Gen.*, 108 S.W.3d 379, 383 (Tex. App.—Tyler 2003, no pet.). We note that "if the basis for recusal does

not become apparent until later, then the defendant preserves the complaint by promptly filing the motion when the basis for recusal comes to light." *Harris v. State*, 160 S.W.3d 621, 625 (Tex. App.—Waco 2005, pet. stricken).

In the present case, although Padilla's basis for the motion to recuse did not arise prior to voir dire, the record indicates he never filed any written motion—not at the time of the allegations and not in a postjudgment motion. *See id.*; *Barron*, 108 S.W.3d at 383 (explaining defense counsel was obligated to file a timely, written, and verified motion to recuse following his oral motion to recuse). *Compare Lara v. State*, No. 13-14-00396-CR, 2016 WL 2955012, at *3 (Tex. App.— Corpus Christi May 19, 2016, no pet. h.) (mem. op., not designated for publication) (concluding defendant must file written motion), *and Luevano v. State*, No. 08-10-00154-CR, 2012 WL 1883115, at *10 (Tex. App.—El Paso May 23, 2012, pet. ref'd) (mem. op., not designated for publication) (same), *with Villarreal v. State*, 348 S.W.3d 365, 368 (Tex. App.—Austin 2011, pet. ref'd) (relying on defendant's handwritten and verified motion filed after the oral motion to recuse), *and Duffey*, 428 S.W.3d at 320 (reviewing defendant's motion to recuse that was written and filed). Without such, Padilla failed to preserve any complaint for appeal.

Moreover, nothing in the record suggests the trial court judge demonstrated bias, impartiality, prejudice, or other basis requiring recusal. *See* TEX. R. CIV. P. 18b. The judge explained his comments were directed at both the State and defense counsel. He further stated his reason for making the comments was his concern that the venire understand the legislature's reasoning behind the wide punishment range, a basic tenet of the law necessary for both the State and the defense. Based on the totality of the evidence, we cannot say the record "establish[es] that a reasonable man, knowing all the circumstances involved, would harbor doubts as to the impartiality of the trial judge." *See Kemp v. State*, 846 S.W.2d 289, 305 (Tex. Crim. App. 1992); *see also Rosas v. State*, 76 S.W.3d 771, 776 (Tex. App.—Houston [1st Dist.] 2002, no pet.)

(explaining the record did not substantiate the "trial court displayed bias" or denied defendant due process). We, therefore, conclude the trial court's decision not to recuse was within the zone of reasonable disagreement and, thus, not an abuse of its discretion. *See Kemp*, 846 S.W.2d at 305; *Rosas*, 76 S.W.3d at 776.

Accordingly, we overrule Padilla's sole issue on appeal.

Patricia O. Alvarez, Justice

DO NOT PUBLISH