**John M. BARRON, Appellant,**

v.

**The STATE of Texas, Attorney General.**

**No. 12–02–00189–CV.**

Court of Appeals of Texas, Tyler.

April 30, 2003.

Linda A. Altier, Altier Law Office, Tyler, for appellant.

Rhonda A. Pressley & John B. Worley, State of Texas Atty. Generals Office Child Support Enforcement, Austin, for appellee.

Panel consisted of WORTHEN, C.J., and GRIFFITH, J.

## OPINION

WORTHEN, Chief Justice.

John M. Barron ("Barron") appeals from an order placing him on probation for failure to pay child support, ordering payment of arrearages, and increasing his current child support. In four issues, Barron argues the trial court erred by refusing to grant his motion to recuse and by finding that the evidence supported modification of his child support. We modify the trial court's order and affirm as modified.

### BACKGROUND

On November 8, 1996, the court found that Barron was the biological father of B.M.B. and signed an order establishing the parent-child relationship. A child support review order instructed Barron to pay child support in the amount of $185.00 per month to B.M.B.'s mother, Stacie Lynn Wood (now "Amundson"), beginning January 1, 1997. On February 26, 2002, the Attorney General of Texas ("Attorney General") filed a Motion for Enforcement and Modification of Child Support Order. The Attorney General alleged that Barron had failed to pay child support since July of 2001 and, further, that an increase in child support was warranted. On that same date, the court issued an order for

Barron to appear on March 28, 2002 in response to the motion.

Barron appeared on March 28 as ordered, and a hearing was held on the Attorney General's motion. Before the hearing, Judge Carole Clark recused herself upon Barron's verified motion to recuse. Replacing Judge Randall L. Rogers, Judge Thomas A. Dunn conducted the hearing. At the beginning of the hearing, Barron orally moved to recuse Judge Dunn. As grounds, Barron's counsel stated that she "just received" an order signed by Judges Clark, Rogers, and Dunn. She contended that Barron's due process rights to an impartial and disinterested tribunal were violated because the order directed that "greater weight ... be placed on the opinions of the Attorney General."[1] Judge Dunn refused to recuse himself. Barron declared his intention to present the denial of the motion to the administrative judge for a hearing. Further, he requested that no further proceedings in the case be conducted until after a decision by the administrative judge. However, upon discovering that no motion to recuse had been filed, Judge Dunn declared that the motion was "out of time," and that counsel had no good reason for not timely filing the motion.[2]

During the hearing, Barron admitted he had failed to pay child support since July of 2001. As an excuse, Barron claimed that, when he changed jobs in July, an order of withholding was never sent to his new employer by the Attorney General's office. At that time, his gross income was approximately $3,000 per month. However, in October of 2001, he was laid off and had not been employed since that date. Because the job market in his profession was saturated, Barron changed careers and stated that he was beginning a new job in a week. Further, Barron informed the court that he had two additional children to support.

At the conclusion of the hearing, Judge Dunn found that Barron had the ability to pay child support in July, August, and September of 2001. He also held Barron in contempt for failing to pay child support and assessed punishment at 180 days in jail. However, the judge probated Barron's sentence for five years and ordered arrearage payments of $50 per month beginning in June of 2002. Further, the judge ordered an increase in child support to $387.20 per month beginning in June of 2002. Judge Dunn informed Barron that his probation would be discharged upon full payment of the child support arrearages. On April 5, 2002, Barron moved the court to discharge his probation upon documentation of full payment of back child support. Accordingly, the trial court discharged Barron from community supervision probation. This appeal followed.

## RECUSAL OF JUDGE

█ In his first issue, Barron contends that Judge Dunn holds an interest in the

---

1. The order at issue is the "Smith County Family Law Courts Standing Order in Title IV D Cases" ("Standing Order") signed by Judges Carole Clark, Thomas A. Dunn, and Randall L. Rogers on March 21, 2002. The order established guidelines for Child Support Masters to follow in handling Smith County Title IV D cases. Among others, the order stated that the "Child Support Master shall give great weight to the recommendations of the Office of the Attorney General, including, but not limited to, recommendations on the

time of day to conduct hearings and the date or dates for resetting cases."

2. Barron asserts that Judge Dunn refused to "set off" the hearing. However, the record shows that, after Judge Dunn stated that an oral motion to recuse was inadequate, counsel for Barron asked if she could "go back to [her] office." At that point, Judge Dunn interrupted her. According to the record, Barron did not request a continuance at that time or later in the hearing.

outcome of child support hearings because he signed the Standing Order that instructed the Child Support Master to give "great weight" to the recommendations of the Attorney General. Barron argues this order violates Barron's due process rights to an impartial and disinterested tribunal. Further, Barron contends that the agreement between the Smith County family law judges and the Attorney General's office to implement the Smith County Child Support Accountability Program ("Accountability Program") would make Judge Dunn partial and biased toward the Attorney General's office. Additionally, Barron's counsel asserts that she was unable to file a timely written motion to recuse with the court because she did not learn of these documents until one hour before the scheduled hearing.[3] The Attorney General argues that Barron waived his right to complain that the motion to recuse was denied because it was not written, verified, timely, or stated with sufficient specificity.

### Applicable Law

Rule 18a of the Texas Rules of Civil Procedure governs recusal of judges. TEX.R. CIV. P. 18a. In order to recuse a judge, any party may file a motion stating grounds why the judge before whom the case is pending should not sit in the case. TEX.R. CIV. P. 18a(a). The motion must be filed at least ten days before the date set for trial or other hearing, be verified, and state with particularity the grounds for recusal. *Id.* Before proceeding further in the case, the judge must either recuse himself or, if he declines recusal, request the presiding judge of the administrative judicial district to assign a judge to hear the motion. TEX.R. CIV. P. 18a(c), (d). If the motion to recuse is denied, the standard for review is abuse of discretion, and the denial may be reviewed on appeal from the final judgment. TEX.R. CIV. P. 18a(f); *Thomas v. Walker,* 860 S.W.2d 579, 581 (Tex.App.-Waco 1993, no writ). The test for abuse of discretion is whether the trial court acted in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex. 2002); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

When a recusal motion is filed, the trial judge against whom the motion is directed may properly make an initial decision of whether the motion conforms with Rule 18a. *Moorhead v. State,* 972 S.W.2d 93, 95 (Tex.App.-Texarkana 1998, no pet.). "Recusal may be waived if it is not raised by a proper motion." *McElwee v. McElwee,* 911 S.W.2d 182, 186 (Tex.App.-Houston [1st Dist.] 1995, writ denied). The procedural requisites for recusal in Rule 18a(a) are mandatory, and a party who fails to conform waives his right to complain of a judge's failure to recuse himself. *Spigener v. Wallis,* 80 S.W.3d 174, 180 (Tex.App.-Waco 2002, no pet.); *Gill v. Texas Dep't of Criminal Justice, Institutional Div.,* 3 S.W.3d 576, 579 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *Pena v. Pena,* 986 S.W.2d 696, 701 (Tex.App.-Corpus Christi 1998, pet. denied). Likewise, a party's failure to obey the ten-day notice provision of Rule 18a(a) bars any complaint on appeal of the denial of the motion to recuse.[4] *Autry v. Autry,* 646 S.W.2d

---

**3.** Barron's counsel's assertion that she learned of the Standing Order and the Accountability Program only one hour before the scheduled hearing is not in the record. Instead, counsel informed Judge Dunn that she "just received" a copy of the Standing Order. She failed to specify when she obtained that order. Further, counsel never mentioned the Accountability Program as grounds for recusal at the hearing.

**4.** In *Sun Exploration & Prod. Co. v. Jackson,* 783 S.W.2d 202, 206 (Tex.1989), Justice Franklin S. Spears stated that Rule 18a does

586, 588 (Tex.App.-Tyler 1983, no writ). Thus, the provisions of Rule 18a obligating a trial judge to either recuse himself or refer the motion to the presiding judge of the administrative judicial district never come into play unless and until a formal timely, written and verified motion to recuse is filed. *Spigener*, 80 S.W.3d at 180; *Moorhead*, 972 S.W.2d at 95; *Limon v. State*, 632 S.W.2d 812, 815–16 (Tex.App.-Houston [14th Dist.] 1982, pet. ref'd).

### Analysis

Barron's counsel orally moved Judge Dunn to recuse himself at the beginning of the hearing. Judge Dunn refused and, further, determined that the motion was not timely filed. Judge Dunn was not obligated to recuse himself or refer the motion to the administrative judge until Barron filed a formal timely, written, and verified motion to recuse. *Spigener*, 80 S.W.3d at 180; *Moorhead*, 972 S.W.2d at 95; *Limon*, 632 S.W.2d at 815–16. By his failure to comply with these mandatory procedural requirements, Barron waived his right to complain that Judge Dunn refused to recuse himself. *Spigener*, 80 S.W.3d at 180; *Gill*, 3 S.W.3d at 579; *Pena*, 986 S.W.2d at 701; *Autry*, 646 S.W.2d at 588. Accordingly, Barron's first issue is overruled.

### MODIFICATION OF CHILD SUPPORT

In his second and third issues, Barron contends that the evidence was not legally or factually sufficient to support the trial court's order modifying his child support. In his fourth issue, Barron argues that the modification of his child support was erroneously based upon his earnings prior to the date the Motion for Modification of Child Support Order was filed. The Attorney General admits that the court erred in modifying Barron's current child support. Therefore, we sustain Barron's second, third, and fourth issues. Accordingly, we modify the trial court's March 28 order to require that Barron pay Amundson child support in the amount of $185.00 per month, which is the original amount ordered by the court.

### CONCLUSION

Based upon our review of the record, we conclude that Barron waived his complaint that Judge Dunn failed to recuse himself. However, because we have sustained Barron's second, third, and fourth issues, the trial court's order dated March 28, 2002 should be modified. Specifically, the section entitled "Modification of Support Order" should be deleted, and the current child support ordered to be paid by Barron to Amundson should be changed from $387.20 each month to $185.00 each month. Accordingly, the *order* of the trial court is modified and, as modified, *affirmed.*

---

not contemplate the situation in which a party cannot know the basis of recusal until after conclusion of the trial. *Sun Exploration*, 783 S.W.2d at 206 (Spears, J., concurring). Relying on Justice Spears' concurrence, other courts have found that, if a party did not know the grounds for recusal before ten days of the trial date or hearing, Rule 18a does not bar consideration of the complaint. *Rosas v. State*, 76 S.W.3d 771, 774 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Martin v. State*, 876 S.W.2d 396, 397 (Tex.App.-Fort Worth 1994, no pet.); *Keene Corp. v. Rogers*, 863 S.W.2d 168, 171–72 (Tex.App.-Texarkana 1993, no writ). However, these cases are distinguishable from the present matter. Although these motions were not filed timely, all were written and filed with the court. *See Rosas*, 76 S.W.3d at 774; *Martin*, 876 S.W.2d at 397; *Keene Corp.*, 863 S.W.2d at 171–72. In contrast, Barron's motion was oral, and a written motion was never filed with the court.