In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-082 CV


____________________



LONNIE RAY ALLEN LABONTE, Appellant



V.



JODIE CRYSTAL LABONTE, Appellee






On Appeal from the County Court at Law #3


Montgomery County, Texas


Trial Cause No. 05-05-04757-CV






MEMORANDUM OPINION


 Appellant Lonnie Ray Allen LaBonte and appellee Jodie Crystal LaBonte (1) were
divorced on December 7, 2005. Proceeding pro se, appellant raises four issues for our
review. (2) We affirm.

 After appellee filed her original petition for divorce, appellant filed a plea in
abatement and a request for appointment of an attorney ad litem to represent him. The
divorce decree dissolved the parties' marriage "on the ground of [appellant's] felony
conviction." (3) The decree appointed appellee sole managing conservator of J.A.L. and
appointed appellant the possessory conservator of J.A.L. The decree granted appellant
visitation of one weekend every fourth month and required appellant to provide appellee
fourteen days' advance notice of which weekend he desired to exercise his visitation.

 In his first issue, appellant contends the trial court abused its discretion in refusing to
appoint an attorney ad litem to represent appellant's interests. Appellant cites the following
provision of the Texas Family Code in support of his contention:

 (a) In a suit filed by a governmental entity in which termination of the
parent-child relationship is requested, the court shall appoint an attorney ad
litem to represent the interests of:


 (1) an indigent parent of the child who responds in opposition to the
termination[.]


Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon Supp. 2006). (4) The underlying case is a
divorce proceeding. It was not filed by a governmental entity, and termination of appellant's
parental rights was not at issue. Therefore, the authority cited by appellant is inapposite. We
overrule issue one.

 In his second issue, appellant asserts the trial court "abused its discretion by issuing
[an] order granting condition of visitation by appellant upon consent of appellee." Appellant
apparently complains of the decree's provision requiring him to provide fourteen days'
advance notice to appellee of the weekend during which he desires to exercise his visitation. 
Appellant also appears to complain of the following exchange that occurred during the final
hearing on the parties' divorce:

 [APPELLEE'S COUNSEL]: Also . . . for the visitation Ms. LaBonte has
requested that the Court approve that once
every four months his sister be allowed to
have the child for a weekend in order to
take the child to see him.


 THE COURT: Well, if that's - It's your child. If you are satisfied with
the sister and whatever family he has, if you believe they
are responsible adults and entrust your child, that is your
business.


 . . . .


 If you don't, it's your child. Just because they happen to
be related to the father doesn't mean that they get to have
the child. That is your decision. So whatever you want
to do that is right by the child, you have to make that
decision.


 [MS. LaBONTE]: Well, I don't mind letting her go.


Appellant apparently construes the decree's notice provision regarding visitation and the
above exchange to mean that he may only exercise his visitation rights upon appellee's consent.

 After the final hearing, the trial court entered a final decree of divorce, which provides
as follows:

 Except as otherwise explicitly provided in this Possession Order Lonnie
Ray Allen LaBonte shall have the right to possession of the child as follows:


 Weekends - One weekend every fourth month beginning in February,
2006, beginning at 10:00 a.m. . . . and ending at 6:00 p.m. on the following
Sunday under the supervision of Lonnie Ray Allen LaBonte's sister, Vallorie
Clark.


 Notice - . . . Lonnie Ray Allen LaBonte shall provide written notice at
least fourteen days in advance of which weekend he desires to exercise his
visitation in every fourth month. . . .


 Jodie Crystal LaBonte shall have the right of possession of the child at
all other times not specifically designated in this Standard Possession Order
for Lonnie Ray Allen LaBonte.


 . . . .

 

 1. Surrender of Child by Jodie Crystal LaBonte - Jodie Crystal
LaBonte is ORDERED to surrender the child to Lonnie Ray Allen LaBonte's
sister, Vallorie Clark, at the beginning of each period of Lonnie Ray Allen
LaBonte's possession. . . .


The trial court's decree does not grant appellant visitation only upon appellee's consent;
rather, the decree clearly orders appellee to surrender the child to appellant's sister during
appellant's periods of visitation. We overrule issue two.

 In his third issue, appellant argues the trial court abused its discretion by restricting
him to one period of visitation every fourth month. The best interest of the child shall be the
trial court's primary consideration in deciding issues of possession. Tex. Fam. Code Ann.
§ 153.002 (Vernon 2002). The trial court is given wide latitude in determining the best
interests of a minor child, and we will reverse its judgment only when the court has clearly
abused its discretion. See Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982). There
is a rebuttable presumption that the standard possession order is in the best interest of the
child. Tex. Fam. Code Ann. § 153.252(2) (Vernon 2002). However, if special
circumstances of either conservator or the child make the standard order unworkable or
inappropriate, the court shall render an order "that grants periods of possession of the child
as similar as possible to those provided by the standard possession order." Tex. Fam. Code
Ann. § 153.253 (Vernon 2002); see also In re J.E.P., 49 S.W.3d 380, 385 (Tex. App.--Fort
Worth 2000, no pet). "The terms of an order that . . . imposes restrictions or limitations on
a parent's right to possession of or access to a child may not exceed those that are required
to protect the best interest of the child." Tex. Fam. Code Ann. § 153.193 (Vernon 2002). 

In deviating from the standard possession order, the trial court may consider the following
factors:

 (1) the age, developmental status, circumstances, needs, and best interest of
the child;


 (2) the circumstances of the managing conservator and of the parent named
as a possessory conservator; and


 (3) any other relevant factor.


Tex. Fam. Code Ann. § 153.256 (Vernon 2002).


 As we previously noted, the record reflects that appellant is presently incarcerated for
a felony offense. The record also reflects that J.A.L. is six years old. Given the
circumstances present in this case, the trial court could have determined that deviating from
the standard possession order was in the best interest of the child. Under these facts, we find
the trial court did not abuse its discretion in granting appellant visitation once every four
months. We overrule issue three.

 In his final issue, appellant maintains the "trial court abused its discretion by failing
to remain impartial." The trial court conducted the final hearing and granted the parties'
divorce on December 7, 2005. No motion to recuse appears in the clerk's record; however,
appellant contends he filed such a motion on March 30, 2006, and attached a copy of same
as an appendix to his brief. Because appellant's purported motion to recuse does not appear
in the appellate record, we may not consider it. See Green v. Kaposta, 152 S.W.3d 839, 841
(Tex. App.--Dallas 2005, no pet.) (Appellate court cannot consider documents that are not
formally included in the record on appeal.). Because appellant did not timely file a motion
to recuse with the trial court, he has not properly preserved the issue for our review. See
Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 18a(a) ("At least ten days before the date set for trial
or other hearing . . ., any party may file with the clerk of the court a motion stating grounds
why the judge before whom the case is pending should not sit in the case."); Barron v. State
Attorney Gen., 108 S.W.3d 379, 382-83 (Tex. App.--Tyler 2003, no pet.) ("The procedural
requisites for recusal in Rule 18a(a) are mandatory, and a party who fails to conform waives
his right to complain of a judge's failure to recuse himself."). 

 Appellant asserts the purported grounds for recusal did not become apparent until after
trial. However, even if we assume for the sake of argument that appellant properly preserved
the issue for our review, appellant's issue nevertheless fails because he has not identified 
grounds for recusal. See Tex. R. App. P. 38.1(h). Rather, appellant seems to complain on
appeal that the trial judge's failure to rule on some of appellant's pretrial motions and the
judge's adverse rulings demonstrate bias. No circumstances requiring recusal are apparent
from the record. See Tex. R. Civ. P. 18b(2). We overrule issue four and affirm the trial
court's judgment.

 AFFIRMED.



 

 STEVE McKEITHEN

 Chief Justice

Submitted on July 28, 2006

Opinion Delivered August 24, 2006


Before McKeithen, C.J., Gaultney and Horton, JJ. 
1. Appellee has not filed a brief in this appeal. 
2. As part of his arguments under each issue, appellant contends the trial court's alleged
errors deprived him of his state and federal constitutional rights to due process. However,
appellant has cited no authorities in support of these contentions. See Tex. R. App. P. 38.1. 
Therefore, we do not consider them.
3. The record reflects that appellant is presently incarcerated as the result of a felony
conviction. Appellant was convicted of capital murder and sentenced to imprisonment for
life, and this Court affirmed his conviction in a previous opinion. See LaBonte v. State, 99
S.W.3d 801 (Tex. App.--Beaumont 2003, pet. ref'd).
4. Because pertinent provisions of Tex. Fam. Code Ann. § 107.013 have not
substantively changed since 2003, we cite the current version.