# NO. 12-08-00105-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL JAMES NEWSOME AND MICHAEL ANTHONY MOORE, APPELLANTS* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *DOUG DRETKE, ET AL, APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Michael James Newsome and Michael Anthony Moore (collectively "Appellants"), both inmates in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), proceeding pro se*,* filed an *in forma pauperis* suit against TDCJ Director Doug Dretke, Warden Chuck Biscoe, Officer Rhonda Barker, Officer Barbara Stampley, and Property Room Officer Sherri Milligan (collectively "Appellees"). Appellants raise five issues on appeal. We affirm.

### BACKGROUND

Appellants are inmates. While incarcerated, Newsome filed a civil suit against Appellees alleging that they are liable in tort for theft of his property. By his suit, Newsome sought recovery of damages pursuant to the Texas Theft Liability Act[1] as well as recovery of damages for pain and suffering and mental anguish. Newsome further alleged that Appellees, by their actions, denied him his right of access to the courts and further violated his right to petition the government for redress

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(a)(1), (b) (Vernon 2005).

of grievances. Thereafter, Newsome filed a motion to certify the cause as a class action. Moore filed a petition in intervention and subsequently sought injunctive relief against Appellees. Appellants thereafter filed a motion to recuse the trial court judge.

On February 22, 2008, without conducting a hearing, the trial court found that Appellants' suit was frivolous or malicious and dismissed it. In its order, the trial court found that "from the Plaintiff's affidavit of previous filings[,] the claim is substantially similar to previous claims brought by the Plaintiff and [its] realistic chance of ultimate success is slight." This appeal followed.

## MOTION TO RECUSE

In their first issue, Appellants argue that the trial court judge erred in failing to either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear their case.

Rule 18a of the Texas Rules of Civil Procedure governs recusal of judges. *See* TEX. R. CIV. P. 18a. In order to recuse a judge, any party may file a motion stating grounds why the judge before whom the case is pending should not sit in the case. *See* TEX. R. CIV. P. 18a(a); ***Barron v. State Att'y Gen.***, 108 S.W.3d 379, 382 (Tex. App.–Tyler 2003, no pet.). The motion must be filed at least ten days before the date set for trial or other hearing, be verified, and state with particularity the grounds for recusal. ***Id.*** Before proceeding further in the case, the judge must either recuse himself or, if he declines recusal, request the presiding judge of the administrative judicial district to assign a judge to hear the motion. *See* TEX. R. CIV. P. 18a(c), (d). If the motion to recuse is denied, the standard for review is abuse of discretion, and the denial may be reviewed on appeal from the final judgment. TEX. R. CIV. P. 18a(f); ***Barron***, 108 S.W.3d at 382. The test for abuse of discretion is whether the trial court acted in an arbitrary or unreasonable manner without reference to any guiding rules or principles. ***Bowie Mem'l Hosp. v. Wright***, 79 S.W.3d 48, 52 (Tex. 2002); ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241–42 (Tex. 1985).

When a recusal motion is filed, the trial judge against whom the motion is directed may properly make an initial decision of whether the motion conforms to Rule 18a. ***Barron***, 108 S.W.3d at 382. "Recusal may be waived if it is not raised by a proper motion." ***McElwee v. McElwee***, 911 S.W.2d 182, 186 (Tex. App.–Houston [1st Dist.] 1995, writ denied). The procedural requisites for

2

recusal in Rule 18a(a) are mandatory, and a party who fails to conform waives his right to complain of a judge's failure to recuse himself. *See Spigener v. Wallis*, 80 S.W.3d 174, 180 (Tex. App.–Waco 2002, no pet.); *Gill v. Tex. Dep't of Criminal Justice, Institutional Div.*, 3 S.W.3d 576, 579 (Tex. App.–Houston [1st Dist.] 1999, no pet.); *Pena v. Pena*, 986 S.W.2d 696, 701 (Tex. App.–Corpus Christi 1998, pet. denied). Thus, the provisions of Rule 18a obligating a trial judge to either recuse himself or refer the motion to the presiding judge of the administrative judicial district never come into play unless and until a formal timely, written and verified motion to recuse is filed. *Barron*, 108 S.W.3d at 383.

In the instant case, Appellants made no attempt to verify their motion to recuse as mandated by Rule 18a. *See* TEX. R. CIV. P. 18a(a). As such, the provisions of Rule 18a obligating a trial judge to either recuse himself or refer the motion to the presiding judge of the administrative judicial district were not triggered*, see Barron*, 108 S.W.3d at 383, and the trial judge did not err in declining to act on Appellants' motion. Appellants' first issue is overruled.

**DISMISSAL PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 14**

In their third issue, Appellants argue that the trial court improperly dismissed their lawsuit pursuant to Texas Civil Practice and Remedies Code section 14.005. We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ).

In the instant case, the trial court made a finding in its order of dismissal that Appellants' claim is "substantially similar to previous claims brought by the Plaintiff and [its] realistic chance of ultimate success is slight." However, we will affirm a dismissal if it was proper under any legal

3

theory.  *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied).

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.[2] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); *Hickson*, 926 S.W.2d at 398. Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds that the claim is frivolous or malicious.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002).  In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises out of the "same operative facts." *Id.* § 14.003(b)(4).  To enable a trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought and stating the "operative facts" upon which relief was sought.  *Id.* § 14.004(a)(2)(A).

Additionally, to enable the court to determine whether an inmate is indigent, Sections 14.004(c) and 14.006(f) require the inmate to file a certified copy of his inmate trust account statement that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed."  TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c), 14.006(f) (Vernon 2002).  Because the affidavit and trust account statement enable the court to determine whether an indigent inmate's suit should be dismissed, Texas courts have consistently held that the failure to file the required information or the inmate trust account statement can result in dismissal without notice or hearing.  *See McCray v. Clerk of the Court*, No. 05-06-00755-CV, 2007 WL 2473334, at *2 (Tex. App.–Dallas Sept. 4, 2007, no pet.) (citing *Gowan v. Tex. Dep't of Criminal Justice*, 99 S.W.3d 319, 322 (Tex. App.–Texarkana 2003, no pet.); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.–Houston [14th Dist.] 2002, pet. denied)).

In the case at hand, the record reflects that Appellants each failed to file certified copies of their respective inmate trust account statements.  When an inmate files an affidavit or declaration

---

[2] Chapter 14 does not apply to suits brought under the Family Code.  TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (Vernon 2002).

4

that fails to comply with the requirements of section 14.004, the trial court is entitled to assume that the suit is frivolous.  *See **Bell***, 962 S.W.2d at 158.  Accordingly, we hold that the trial court did not abuse its discretion when it dismissed Appellants' suit.  ***Id.***  Appellants' third issue is overruled.

### FAILURE TO PERMIT PLAINTIFF TO AMEND PETITION

In their fourth issue, Appellants argue that the trial court erred in its failure to allow Appellants to amend their petition before dismissing their suit.  However, the record does not indicate that Appellants, in fact, sought to amend their pleadings.  Texas Civil Practice and Remedies Code, section 14.003 empowers a trial court to dismiss an action as frivolous or malicious either before or after service of process.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). Accordingly, the trial court is under no duty to suggest sua sponte that Appellants amend their pleadings.  Appellants' fourth issue is overruled.

### FAILURE TO RULE ON MOTION FOR CLASS CERTIFICATION

In their fifth issue, Appellants argue that the trial court erred in failing to rule on their motion for class certification within a reasonable time.[3]  A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.  *See **Murphy v. Hunt***, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183, 71 L. Ed. 2d 353 (1982).  Under this general rule, it is evident that once the trial court dismissed Appellants' claims as frivolous, their claim that the trial court failed to rule on their motion for class certification in a reasonable time period was moot. The issue is no longer live because, having overruled Appellants' third issue concerning the trial court's dismissal of their claims, there is no decision that this court could render regarding the trial court's failure to rule on Appellants' motion for class certification that would have any effect.  ***Id.*** at 455 U.S. 481–82, 102 S. Ct. at 1183–1184; ***Bennet v. State***, 818 S.W.2d 199, 200 (Tex. App.–Houston [14th Dist.] 1991, no pet.).  Appellant's fifth issue is overruled.

---

[3] A complaint concerning a trial court's refusal to rule on a motion is ordinarily raised by a petition for writ of mandamus.  *See, e.g., **In re Martinez Ramirez***, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding).

## ISSUANCE OF CITATION

In their second issue, Appellants argue that the trial court erred in failing to issue citation or order that the clerk issue citation.[4] Texas Rule of Civil Procedure 99 governs the issuance and form of citation. *See* TEX. R. CIV. P. 99. Pursuant to Rule 99, a party filing a petition is required to request that citation be served on the opposing party and to direct the clerk of the court where to serve the opposing party. *See* TEX. R. CIV. P. 99(a).

Here, Appellants contend that the duty to order citation rests with the trial court judge. Rule 99 plainly indicates the error of Appellants' position. *See id.* The law imposes no duty on the trial judge to monitor citation or to order citation be issued sua sponte. Moreover, the trial court acted within its discretion in the instant case in dismissing Appellants' suit before service of process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellants' five issues, we ***affirm*** the trial court's order of dismissal.


    BRIAN HOYLE
Justice


Opinion delivered September 24, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)

---

[4] The wording of Appellants' second issue is not entirely clear. We have construed the issue liberally in the interest of justice.