

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00240-CR

JESSE FRANK LARA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1322132R, Honorable Robb Catalano, Presiding

May 30, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Jesse Frank Lara appeals from his conviction by jury of the offense of failure to comply with sexual offender registration requirements[1] and the resulting sentence of ten years of imprisonment. He presents three issues. We will affirm.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (West 2013) ("A person commits an offense if the person is required to register and fails to comply with any requirement of this chapter"); TEX. CODE CRIM. PROC. ANN. art. 62.055 (West 2009) (discussing reporting changes of address).

Background

In September 2012, appellant was charged via indictment with failure to comply with sexual offender registration requirements. In April 2013, the trial court held a pretrial hearing during which appellant challenged the predicate conviction of indecency with a child that served as the basis for registration under the Code of Criminal Procedure.[2]  He also made an oral motion to recuse the district judge on the grounds that appellant had sued the judge in federal court. The trial court denied both challenges.  Appellant reiterated his oral motion to recuse in June 2013.  The trial court again denied the motion.

Appellant plead not guilty to the offense and the case was tried before a jury. The State presented four witnesses, each of whom testified appellant was required to register as a sex offender under section 62.102 of the Code of Criminal Procedure. Appellant testified on his own behalf, describing legal research he conducted showing his underlying conviction was void and noting he had filed a federal lawsuit against the trial court judge.  The State's objections to his testimony were sustained.  Following the presentation of the evidence, the jury found appellant guilty as charged in the indictment and assessed punishment as noted.  Appellant timely appealed.

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 62.051 (West 2011) (registration requirement).

Analysis

Recusal of Trial Judge

In appellant's first two issues on appeal, he challenges the trial court judge's denial of his motions to recuse. The State contends appellant has waived his contentions. We agree.

Civil Procedure Rule 18a, which applies in criminal cases, dictates that when a motion to recuse is filed, "the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion." TEX. R. CIV. P. 18a(c); *see also De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (Rule 18a applies to criminal cases). It is undisputed that the trial court did not take either of those actions. However, Rule 18a also requires a motion to recuse to be timely, verified, and state with particularity the grounds for recusal. *See* TEX. R. CIV. P. 18a(a). These procedural requisites for recusal are mandatory, so that a party who fails to comply waives his right to complain of a judge's failure to either recuse himself or refer the motion to the presiding judge. *Barron v. State of Tex. Attorney Gen.*, 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.).

The record reflects appellant's motions to recuse were oral rather than written and thus not verified as required by Rule 18a(a). Because the motions to recuse did not comply with the requirements of Rule 18a(a), the trial court's obligations under Rule 18a(c) were never triggered. *Barron,* 108 S.W.3d at 383. The "provisions of Rule 18a obligating a trial judge to either recuse himself or refer the motion to the presiding judge

3

of the administrative judicial district never come into play unless and until a formal timely, written and verified motion to recuse is filed."  *Id.* We overrule appellant's first two issues.

Unanimity of Manner and Means

In his last issue, appellant contends the jury charge was erroneous in that it did not require jury unanimity regarding the commission of a particular manner of failure to comply with sexual offender registration requirements.  The State argues the jury charge was not erroneous, and further argues any error is harmless.  We disagree with its initial assertion, but agree with the latter.

The indictment alleged a single offense of failure to comply with a requirement of Chapter 62.  In six paragraphs the indictment alleged six manners in which appellant failed to comply, all occurring on or about August 21, 2012.  Paragraphs 1 and 2 alleged appellant failed to report to the chief of the Fort Worth Police Department that he had moved within seven days of his arrival at the new location.  Paragraphs 1 and 2 alleged the same failure to report, and differed only in their recitation of the date of the conviction or adjudication that lead to the duty to register.  The record shows appellant was placed on deferred adjudication community supervision for the underlying indecency offense in August 1993, and was adjudicated guilty of the offense in March 2001.[3]  Paragraph 1 of this indictment alleged the August 1993 date as giving rise to appellant's duty to register; paragraph 2 alleged the March 2001 date.  The same

---

[3] A "reportable conviction or adjudication" means a conviction or adjudication, including a deferred adjudication.  TEX. CODE CRIM. PROC. ANN. art. 62.001(5) (West 2011).

4

pattern applies to paragraphs 3 and 4, and to paragraphs 5 and 6 of the indictment; the two paragraphs from each pair differ only in their allegation of the date appellant's duty to register arose.

Paragraphs 3 and 4 alleged appellant failed to notify the chief of the Fort Worth Police Department of his intention to move seven days prior to moving, and paragraphs 5 and 6 alleged appellant failed to notify his parole officer of his intention to move seven days prior to moving.

The charge presented the six manners of violation disjunctively, permitting the jury to find appellant guilty of the single offense if it found any of the six paragraphs true beyond reasonable doubt. The charge also told the jury, "Your verdict must be by a unanimous vote of all members of the jury." On the single verdict form, the jury indicated its verdict finding appellant "guilty of the offense of failure to comply with sex offender registration requirements as charged in the Indictment."

During argument, the prosecutor told the jury its members were not required to agree on which of the six paragraphs supported its verdict. The State argued the law requires only that the jurors agree that appellant failed to report as described in at least one of the paragraphs. The State reiterates that argument on appeal, citing *Young v. State,* 341 S.W.3d 417 (Tex. Crim. App. 2011).

All six paragraphs of appellant's indictment alleged his failure to comply with the requirements of article 62.055(a), which required him to inform law enforcement about an impending or completed change of residence. TEX. CODE CRIM. PROC. ANN. art.

5

62.055 (West 2009); *see Young,* 341 S.W.3d at 426 (describing focus of article 62.055(a)). The primary purpose of creating and maintaining a sex-offender registry is to "give local law enforcement officers a means of monitoring sex offenders who are living within their jurisdiction in order better to thwart repeat offenses." *Id.* By failing to report where he is residing, the sex offender is subverting the objective of the registry. *Id.* This type of offense is a "circumstances of conduct" offense in that it prohibits otherwise innocent behavior that becomes criminal only under specific circumstances. *Young,* 341 S.W.3d at 427.

The unit of prosecution for a sex offender's failure to comply with the duty to report a change of address to the proper authorities both before and after a move is "one offense for each change of address." *Young*, 341 S.W.3d at 426 (stating court's agreement with reasoning of *Villanueva v. State,* 257 S.W.3d 527 (Tex. App.—Austin 2008, no pet.)). In its brief, the State acknowledges the "one per move" unit of prosecution, but ignores its consequences in this case.

A jury must reach a unanimous verdict about the "specific crime" that the defendant committed. *Cosio v. State,* 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). One of the ways in which non-unanimity may occur is when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions. *Id.* Each of the multiple incidents individually establishes a different offense or unit of prosecution. *Id.* The trial court's charge, to ensure unanimity, must instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented. *Id.* at 772.

6

Here, paragraphs 1 and 2 of the six alleged appellant failed to report his move to a halfway house. Evidence showed that the Fort Worth Police Department had assigned appellant a date of August 20, 2012, to appear in person to report his move to that address, and showed he failed to do so.[4]

Paragraphs 3 through 6 alleged appellant failed to report his impending move from the halfway house. Because that involved appellant's move to an address different from that of the halfway house, his failure to report that change of address constituted a different offense, a separate unit of prosecution, from that alleged in paragraphs 1 and 2. *See Young,* 341 S.W.3d at 426-47. The jury charge allowed the jury to find him guilty of the single offense charged without requiring the jury to be unanimous between the two units of prosecution presented. *Cosio,* 353 S.W.3d at 772. The charge thus contained error.

We turn to the question of harm. Appellant did not object to the instruction at trial so we review the error under the standard set forth in *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). An egregious harm determination must be based on a finding of actual rather than theoretical harm. *Cosio,* 353 S.W.3d at 777; *Ngo v. State,* 175 S.W.3d 738, 750 (Tex. Crim. App. 2005). For actual harm to be established, the charge error must have affected "the very basis of the case," "deprive[d] the defendant of a valuable right," or "vitally affect[ed] a defensive theory." *Cosio,* 353 S.W.3d at 777,

---

[4] Article 62.055(a) of the Code of Criminal Procedure provides "If a person required to register changes address, the person shall, not later than the later of the seventh day after changing the address or the first date the applicable local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence." TEX. CODE CRIM. PROC. ANN. art. 62.055(a) (West 2009).

*citing Almanza,* 686 S.W.2d at 171.  When assessing harm based on the particular facts of the case, we consider: (1) the charge; (2) "the state of the evidence[,] including contested issues and the weight of the probative evidence"; (3) the parties' arguments; and (4) all other relevant information in the record.  *Cosio,* 353 S.W.3d at 777.

On this record, the most significant factor in our evaluation of actual harm to appellant from the charge error is the state of the evidence.  Appellant's guilt was established by evidence he knowingly or intentionally failed to report his completed move to the halfway house or his impending move from the halfway house.  As noted, appellant took the stand.  In his testimony, he freely admitted that he did not report either move as article 62.055(a) requires, and that his failure to comply was intentional. The prosecutor cross-examined appellant:

Q. Okay. So you know how to register?

A. That is correct.

Q. And in this particular release in 2012, you willfully, intentionally, and knowingly chose not to register; is that correct?

A. Yes, with mitigating reasons.[5]

Appellant told the jury he did not comply because he believed his underlying conviction was void.  That appellant reported neither of the changes of address alleged

---

[5] Appellant's counsel engaged in the following questioning of appellant:
Q.     The reason you didn't register is because you believe, based on your experience and based on everything that you've done and everything that you've read, you believed you didn't have to register.
A. That is correct.
Q. And for whatever reason, you believed that the original judgment was void and so, therefore, there's no reason to register, correct?
A. That is correct.

simply was not a contested issue. This factor thus weighs heavily in favor of a finding of no harm.

As noted also, the charge instructed the jurors that their verdict must be unanimous and that they were to find appellant guilty of only one offense. In the context of the entire charge, however, we think the jury likely would have seen those instructions simply as requiring a unanimous verdict. Those aspects of the charge do not mitigate the harm to appellant, but neither do they exacerbate the risk the jury reached a non-unanimous verdict.

At close of evidence, the prosecutor argued, "All 12 of you have to agree that [appellant] committed the offense. All 12 of you don't have to agree on which paragraph he's violated." In our evaluation of harm from the charge error, the State's argument weighs in appellant's favor because the State's argument reiterated the error.

Again, however, we find the state of the evidence to be the most significant factor in the evaluation of harm in this case. Like the Court of Criminal Appeals in *Cosio,* 353 S.W.3d at 778, from the evidence the jury heard, we see no reason to suspect that some jurors would have disbelieved appellant's admission he intentionally failed to report one move but believed he failed to report the other. His testimony drew no distinctions between the reporting requirements for the two changes of address. His required reporting date for the first move was August 20; he was required to report his intention to make the second move no later than August 10. Finding that on this record it is "highly likely that the jury's verdicts . . . were, in fact, unanimous," *id.*, we see no actual harm to appellant from the jury charge permitting a non-unanimous verdict.

We resolve appellant's final issue against him.

Conclusion

Having overruled each of appellant's three appellate issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.