# NO. 12-16-00085-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ADRIAN VILLA,*<br>*APPELLANT* | § | *APPEAL FROM THE 70TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ECTOR COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Adrian Villa appeals from his conviction for aggravated assault, family violence. In two issues, Appellant contends that the trial judge erred by failing to recuse himself from the case and trial counsel rendered ineffective assistance. We affirm.

### BACKGROUND

The State charged Appellant with intentionally, knowingly, and/or recklessly causing serious bodily injury to Esther Ornelas, a member of his household, by slamming her into the sidewalk and a brick border. Appellant pleaded guilty, and the trial court sentenced Appellant to imprisonment for ten years, but suspended imposition of sentence and placed Appellant on community supervision for ten years. The State subsequently moved to revoke Appellant's community supervision for violating one of its conditions. Appellant pleaded "not true" to violating a condition of his community supervision. The trial court found the State's allegation to be "true," revoked Appellant's community supervision, and sentenced Appellant to imprisonment for ten years.

## RECUSAL

In his first issue, Appellant contends that the trial judge should have sua sponte recused himself from the case because Appellant had sued him in federal court. He contends that the trial judge was biased against him and retaliated by revoking his community supervision.

### Analysis

At the revocation hearing, the State informed the trial judge that Appellant had filed a lawsuit against the trial judge and others. The trial judge replied, "I don't really care." Appellant did not object to the trial judge's presiding over the revocation hearing. Nor does the record contain a motion to recuse. *See* TEX. R. CIV. P. 18a(b)(1)(A) (motion to recuse must be filed "as soon as practicable after the movant knows of the ground stated in the motion"); *see also Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (applying Rule 18a to criminal cases); *Harris v. State*, 160 S.W.3d 621, 625 (Tex. App.—Waco 2005, pet. stricken) ("[I]f the basis for recusal does not become apparent until later, then the defendant preserves the complaint by promptly filing the motion when the basis for recusal comes to light.").

Rule 18a's procedural requisites are mandatory, and a party's failure to conform waives a complaint regarding the trial judge's failure to recuse himself. *Barron v. State Attorney Gen.*, 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.). Because Appellant did not file a motion to recuse the trial judge or object to his presiding at the hearing, he has not preserved his complaint for appellate review. *See Thomas v. State*, 379 S.W.3d 436, 440 (Tex. App.—Amarillo 2012, no pet.) (complaint that trial judge prejudged defendant's case not preserved absent objection or otherwise informing trial judge of complaint); *see also Barron*, 108 S.W.3d at 382-83. We overrule his first issue.

## INEFFECTIVE ASSISTANCE

In his second issue, Appellant contends that trial counsel rendered ineffective assistance by failing to move for the trial judge's recusal.

### Standard of Review and Applicable Law

An appellant complaining of ineffective assistance must satisfy a two-pronged test. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see also Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under the first prong, the appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct.

at 2064; *Tong*, 25 S.W.3d at 712. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The appellant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Absent evidence of counsel's reasons for the challenged conduct, we assume a strategic motivation if one can be imagined, and we will not conclude that challenged conduct is deficient unless it was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Prejudice requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. The appellant must establish both prongs by a preponderance of the evidence or the ineffectiveness claim fails. *Tong*, 25 S.W.3d at 712.

Review of trial counsel's representation is highly deferential. *Id*. We indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The appellant bears the burden of overcoming the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*.; *Tong*, 25 S.W.3d at 712. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). The record on direct appeal is rarely sufficiently developed to fairly evaluate a claim of ineffectiveness. *Id*. at 833.

## Analysis

The fact that Appellant sued the trial judge, standing alone, does not create bias. *See Soderman v. State*, 915 S.W.2d 605, 608 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). The record contains neither evidence of bias or prejudice by the trial judge, nor evidence indicating that the trial judge maintained a pecuniary interest in the outcome of Appellant's case. *See Chamberlain v. State*, 453 S.W.2d 490, 492 (Tex. Crim. App. 1970). Absent evidence in the

3

record that would cause Appellant's trial counsel to believe that the trial judge was biased or prejudiced against Appellant and subject to recusal, counsel was not ineffective for failing to seek recusal of the trial judge. *See Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (holding that trial counsel not required to file futile motions); *see also Diaz v. State*, 380 S.W.3d 309, 312-13 (Tex. App.—Fort Worth 2012, pet. ref'd) (counsel not ineffective for failing to pursue recusal when record contained no evidence of bias or prejudice). We therefore conclude that Appellant has failed to show that counsel's performance was deficient. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Tong*, 25 S.W.3d at 712. We overrule his second issue.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the trial court's judgment.


GREG NEELEY
Justice


Opinion delivered July 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2016**

**NO. 12-16-00085-CR**

**ADRIAN VILLA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 70th District Court

of Ector County, Texas (Tr.Ct.No. A-35,414)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*