# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00176-CR

---

**Jacob Mediano, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. D-14-1052-SB, THE HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Jacob Mediano, acting pro se, filed this appeal of the district court's December 5, 2019 order denying his "motion to recuse and disqualify" Judge Barbara Walther from presiding over his application for a postconviction writ of habeas corpus.[1]  *See* Tex. Code Crim. Proc. art. 11.07.  The ruling on the motion to recuse was not a final judgment.

---

[1]  Mediano's notice appeal also refers to an "oral motion" to recuse Judge Mike Freeman. But motions to recuse must be written, filed, and verified, and failure to comply with procedural requisites for recusal may forfeit a failure-to-recuse complaint.  *See* Tex. R. Civ. P. 18a(a); *Barron v. State Attorney Gen.*, 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.) (noting that procedural requisites for recusal in Rule 18a(a) are mandatory and that failure-to-recuse complaint may be waived if not raised by proper motion); *see also Lara v. State*, No. 07-13-00240-CR, 2014 Tex. App. LEXIS 5875, at *2-3 (Tex. App.—Amarillo May 30, 2014, no pet.) (mem. op., not designated for publication) (concluding that defendant forfeited challenges to denial of his motions to recuse because his motions were oral, not written, and were unverified). An oral motion to recuse Judge Freeman preserved nothing for our review.

A defendant's right to appeal in a criminal case is a statutorily created right. *Id.* art. 44.02; *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002). That right of appeal is limited to appeal from a final judgment. *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). Courts of appeals lack jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (noting that standard for determining jurisdiction is not whether appeal is precluded by law, but whether it is authorized by law). Moreover, when a judgment of guilt or appealable order is entered, the trial court must certify that the defendant has a right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d); *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). No such trial-court certification has been filed.

We further note that nothing in Texas Rule of Civil Procedure 18a, which governs recusal, provides a defendant with a right to an interlocutory appeal from an order denying a motion to recuse. *See Green v. State*, 374 S.W.3d 434, 445 (Tex. Crim. App. 2012) (citing *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) and noting that Rule 18a applies to criminal cases in absence of legislative intent explicitly or implicitly indicating otherwise). Rather, the rule specifies that "[a]n order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." Tex. R. Civ. P. 18a(j)(1)(A). Even if the recusal order were appealable, we have no jurisdiction to review a ruling by the district court in an article 11.07 habeas corpus proceeding. *See Dunn v. State*, No. 07-17-00132-CR, 2017 Tex. App. LEXIS 4741, at *3 (Tex. App.—Amarillo May 24, 2017, orig. proceeding) (concluding that court lacked jurisdiction to review trial court's ruling on motion to recuse stemming from article 11.07 habeas corpus proceeding).

Mediano has appealed only an interlocutory order denying his motion to recuse, the district court has not certified his right of appeal from the order, and the order stems from a pending postconviction habeas corpus proceeding in district court. Accordingly, we lack jurisdiction over this appeal, and we dismiss it for want of jurisdiction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed: April 9, 2020

Do Not Publish