

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00251-CR

---

TERENCE RAMON BEACHEM, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1826757

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

On November 14, 2018, Terence Ramon Beachem pled guilty to one count of aggravated assault with a deadly weapon,[1] and in accordance with a plea bargain, the trial court deferred adjudication of guilt and placed Beachem on community supervision for a period of ten years. Subsequently, the trial court adjudicated Beachem's guilt, revoked his community supervision, and assessed him punishment of imprisonment for life. In this appeal, Beachem complains that the Honorable Alfonso Charles, Chief Judge of the Tenth Administrative District, erred in overruling his motion to recuse the trial judge. Because Beachem has forfeited his complaint, we affirm the trial court's judgment.

## I.      Background

When Beachem pled guilty and was placed on deferred adjudication community supervision, the presiding judge was the Honorable Eddie Northcutt. On November 18, 2019, when the trial court held a hearing on the State's motion to proceed with an adjudication of guilt, the presiding judge was again Judge Northcutt. After the State had put on evidence of Beachem's violations of the terms and conditions of his community supervision and the trial court had found that two of the State's allegations were true, the State proceeded to its case-in-chief on punishment. Near the end of the presentation of its evidence, the State offered copies of Beachem's prior judgments of conviction and penitentiary packets, which were admitted into evidence without objection. After admitting the exhibits, the trial court recessed the hearing in order to review the exhibits.

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(2).

When the hearing reconvened, Judge Northcutt notified counsel for the parties that, in his review of the exhibits, he discovered that he had represented Beachem on two of the state jail felony convictions and on a misdemeanor conviction, all in 2010. Judge Northcutt then gave the parties an opportunity to raise any objection, and Beachem orally requested that another judge hear the case because Judge Northcutt had been his lawyer in the prior cases. Noting that both Beachem and his attorney had already known that he had represented Beachem in the prior cases, Judge Northcutt denied the motion.

Nevertheless, Judge Northcutt recessed the hearing and contacted Judge Charles for a telephonic hearing on Beachem's oral motion to recuse. Beachem once again asserted that his ground for recusal was that Judge Northcutt had represented him on at least one prior occasion many years ago. Beachem's counsel also noted that he had discussed the issue with Beachem several nights before but that Beachem did not want Judge Northcutt recused at that time.[2] Judge Charles also denied the motion.

## II. Beachem Forfeited His Complaint

In his sole issue, Beachem complains that Judge Charles erred in denying his motion to recuse. Beachem argues two grounds on appeal: (1) Judge Northcutt's "impartiality might reasonably be questioned" and (2) Judge Northcutt "has personal knowledge of disputed evidentiary facts concerning the proceeding." *See* TEX. R. CIV. P. 18b(b)(1), (3). Neither of these grounds was argued before Judge Charles.

---

[2]The record shows that the State had produced the judgments of conviction and penitentiary packets to Beachem between three and ten days before trial

3

Generally, to preserve an issue for appellate review, the appellant must have made known his complaint in the trial court through a "timely request, objection, or motion that . . . stated the grounds for the ruling . . . sought . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context," "complied with the requirements of . . . the Texas Rules of Civil . . . Procedure," and obtained a ruling from the trial court. TEX. R. APP. P. 33.1(a)(1). Further, the complaint on appeal must comport with the complaint made to the trial court. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Rule 18b sets forth eight grounds for which a judge must recuse in a proceeding. *See* TEX. R. CIV. P. 18b(b). Before Judge Charles, Beachem only asserted that Judge Northcutt represented him in at least one matter many years ago as the basis of his motion. Prior representation of a defendant in an unrelated matter is not one of the grounds for recusal of a presiding judge under Rule 18b. Also, the grounds for recusal would not have been apparent to Judge Charles. Judge Northcutt's prior representation could potentially support three different grounds under Rule 18b: that Judge Northcutt's impartiality might reasonable be questioned, that he had a personal bias or prejudice toward Beachem, or that he had personal knowledge of disputed evidentiary facts. *See* TEX. R. CIV. P. 18b(b)(1)–(3). None of these were argued before Judge Charles, and it was not apparent which of these grounds Beachem was asserting. Further, the grounds for recusal asserted on appeal do not comport with the ground asserted before Judge Charles.

Beachem also did not comply with the requirements of the Texas Rules of Civil Procedure. Rule 18a requires that a motion to recuse, *inter alia*, be in writing, be verified, and assert one or more grounds listed in Rule 18b. TEX. R. CIV. P. 18a(1)–(2); *Camp v. State*, No. 06-11-00035-CR,

4

2011 WL 6774042, at *1 (Tex. App.—Texarkana Dec. 22, 2011, no pet.) (mem. op., not designated for publication)[3] (citing TEX. R. CIV. P. 18a; *DeLeon v. Aguilar*, 127 S.W.3d 1, 5 n.3 (Tex. Crim. App. 2004) (orig. proceeding)). "[A]bsent a timely, written, and verified motion to recuse, a party fails to preserve any issue for appeal." *Id.* (citing *Barron v. Attorney Gen.*, 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.); *Gill v. Tex. Dep't of Criminal Justice*, *Institutional Div.*, 3 S.W.3d 576, 579 n. 3 (Tex. App.—Houston [1st Dist.] 1999, no pet.)).

Because Beachem did not state the grounds for his motion to recuse with sufficient specificity and did not comply with the requirements of Rule 18a and because his complaints on appeal do not comport with his complaint in the trial court, he has failed to preserve this issue for our review. We overrule his sole issue.

## III.    The Judgment Must Be Modified

Although we have overruled Beachem's sole issue, we find, *sua sponte*, that the trial court's judgment requires modification. We have the authority to modify the judgment to make the record speak the truth, even if a party does not raise the issue. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in the trial court; we may act *sua sponte* and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); see *French*, 830 S.W.2d at 609.

---

[3]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

In this case, the trial court's judgment recites the "Statute for Offense" as "[Section] 22.02(b)(1) [Penal Code]." Section 22.02(b)(1) of the Texas Penal Code is a first-degree felony and requires that a person commit an assault using a deadly weapon and cause serious bodily injury to a person with whom he is in a familial or dating relationship. *See* TEX. PENAL CODE ANN. § 22.02(b)(1). However, Beachem was indicted for, pled guilty to, and was convicted of the second-degree felony of aggravated assault using a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). Consequently, we will modify the trial court's judgment to reflect the correct statute of offense.

## IV. Disposition

For the reasons stated, we modify the trial court's judgment by replacing "22.02(b)(1) PC" under "Statute of Offense" with "22.02(a)(2) PC." As modified, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     April 13, 2020
Date Decided:       April 15, 2020

Do Not Publish

6